MAE DUREN, Respondent, *v.* CITY OF BINGHAMTON, Appellant.

Argued June 11, 1940; decided July 24, 1940.

*Herman F. Nehlsen*, Corporation Counsel (*Samuel W. Bernstein* of counsel), for appellant. The defendant, a municipal corporation, was engaged solely in the discharge of governmental functions in the operation and management of the Department of Welfare and cannot be held liable for any alleged negligence of the servants and employees necessarily engaged in the maintenance and furtherance of the uses to which said building was devoted. (*Moest* v. *City of Buffalo*, 116 App. Div. 657; *Hughes* v. *County of Monroe*, 147 N. Y. 49; *Maxmilian* v. *Mayor*, 62 N. Y. 160; *Missano* v. *Mayor*, 160 N. Y. 123; *Finkelstein* v. *City of New York*, 183 App. Div. 539; *Wilcox* v. *City of Rochester*, 190 N. Y. 137; *Lefrois* v. *County of Monroe*, 162 N. Y. 563; *Murtha* v. *New York H. M. Col. & Flower Hospital*, 228 N. Y. 183; *Meyer* v. *City of New York*, 162 Misc. Rep. 23; *Corbett* v. *St. Vincent's Industrial School*, 177 N. Y. 16; *Markey* v. *County of Queens*, 154 N. Y. 675; *Schlegel* v. *City of New York*, 90 Misc. Rep. 285; *City of Atlanta* v. *Garner*, 56 Ga. App. 435; *City of Kokomo* v. *Loy*, 185 Ind. 18; *Ford* v. *Independent School District*, 223 Iowa, 795.)

*Robert O. Brink* and *Roy C. McHenry* for respondent. The city acted in a proprietary capacity in allowing the W. P. A. to become its tenant and by assuming the duties and obligations of a landlord towards the W. P. A. and its employees who became invitees of the city; consequently, the city cannot be excused from liability on the ground that it was exercising a governmental function. (*Van Dyke* v. *City of Utica*, 203 App. Div. 26; *Gillen* v. *Home Owners' Loan Corp.*, 255 App. Div. 631; *Jaked* v. *Board of Education*, 198 App. Div. 113; *Douglas* v. *Hollis*, 86 N. H. 578; *Worden* v. *New Bedford*, 131 Mass. 23; *Capital Amusement Co.* v. *Board of Common Council*, 210 Ky 622; *Board of Councilmen of City of Frankfort* v. *Pattie*, 272

Ky. 343; *Chafor* v. *City of Long Beach*, 174 Cal. 478; *Oeters* v. *City of New York*, 270 N. Y. 364; *Whittaker* v. *Village of Franklinville*, 265 N. Y. 11; *Seel* v. *City of New York*, 179 App. Div. 659; *Alexander* v. *City of New York*, 194 App. Div. 161; *Pitman* v. *City of New York*, 141 App. Div. 670.) The defendant's negligence has been established. (*Warner* v. *New York, O. & W. Ry. Co.*, 209 App. Div. 211; *White* v. *Lehigh Valley R. R. Co.*, 220 N. Y. 131; *Lyons* v. *Rosenthal*, 11 Hun, 46; *Bowers* v. *City of Rome*, 40 Hun, 635; *Reilly* v. *Atlas Iron Const. Co.*, 3 App. Div. 363; 157 N. Y. 718; *Huscher* v. *New York & Queens Electric Light & Power Co.*, 158 App. Div. 422.)

LEHMAN, Ch. J. The city of Binghamton voluntarily assisted a W. P. A. project as a convenient means of reducing the burden of providing relief to the indigent. It furnished space for the work and invited workers in the W. P. A. project to use a corridor in a building where the city stored supplies for distribution to persons requiring relief. The city owed a duty to these workers to exercise reasonable care in maintaining the corridor in a safe condition. The evidence sustains a finding that employees of the department of the city in charge of its relief work created a dangerous condition in the corridor by the negligent manner in which they piled up the supplies and that the plaintiff suffered severe injuries through such negligence.

Assuming for the purposes of the appeal that in providing relief for the indigent the city was performing a governmental duty imposed upon it by the State, and might claim immunity from liability for negligence of persons employed in carrying out that governmental duty, the immunity would not extend to the failure of the city to perform its duty to exercise reasonable care to maintain in a safe condition the corridor which it invited the W. P. A. workers to use. That is a duty voluntarily assumed towards persons who were not beneficiaries of the city relief work and for damages caused by a breach of that duty, the city is liable. (Cf. *Engels* v. *City of New York*, 281 N. Y. 650; *Nathanson*

v. *City of New York*, 282 N. Y. 556; *Whittaker* v. *Village of Franklinville*, 265 N. Y. 11; *Oeters* v. *City of New York*, 270 N. Y. 364.)

The judgment should be affirmed, with costs.

LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Judgment affirmed.