COMMISSIONERS OF THE STATE INSURANCE FUND, Plaintiffs, *v.*
TOWN OF HOWARD, Defendant.

Supreme Court, Steuben County, December 6, 1941.

*William F. O'Rourke* [*William H. Stieglitz* of counsel], for the plaintiffs.

*Annabel & Wightman,* for the defendant.

LAPHAM, J. The plaintiffs bring this action under section 29 of the Workmen's Compensation Law to recover damages for the death of Charles B. Kittel, an employee of the New York State Department of Public Works, who received personal injuries on July 31, 1940, on a public highway in the town of Howard, Steuben county, N. Y., when a truck which he was driving was involved in a collision with a motor vehicle owned by the town of Howard and operated by one of its employees. Kittel died on August 3, 1940, as a result of these injuries and left him surviving a wife as his only heir and next of kin. The New York State Department of Public Works insured its employees in the State Insurance Fund under the provisions of the Workmen's Compensation Law. The widow elected to take compensation, and on October 28, 1940, an award of compensation was made to her. She failed to bring an action against the town of Howard or its employee within six months from the date of the first award of compensation to her. On July 10, 1941, the plaintiffs served a verified notice of claim and intention to sue upon the town clerk and upon the supervisor of the town of Howard. More than fifteen days expired after the service of this notice by registered mail and no action was commenced against the town of Howard. The plaintiffs now bring this action, alleging that Charles B. Kittel met his death through the carelessness and negligence of the defendant and its agents and servants.

The complaint sets out all these facts and asks damages for $25,000. The defendant interposed the affirmative defense that the plaintiffs had failed to file notice of their claim within the time limited by section 67 of the Town Law. The plaintiffs now move to strike out this affirmative defense as insufficient in law, and the defendant makes a cross-motion to dismiss the complaint for failure to state facts sufficient to constitute a cause of action. The plaintiffs resist the motion to dismiss on the ground that they filed a verified notice of claim and intention to sue with the proper officials of the town of Howard within ninety days after they became entitled to sue under section 29 of the Workmen's Compensation Law and within one year from the date of the injury and death of the injured employee.

The focal issue is whether the plaintiffs have complied with section 67 of the Town Law in filing their notice of claim within ninety days after the cause of action was assigned to them by operation of law but more than ninety days after the date of the injury to Charles B. Kittel.

The pertinent statutes are subdivisions 1 and 2 of section 29 of the Workmen's Compensation Law and section 67 of the Town

Law. Under subdivision 1 of section 29 of the Workmen's Compensation Law the dependents of an injured employee may take compensation and may within six months after the award of compensation pursue a remedy against the negligent third party. If the dependents of the injured employee in case of his death desire to institute an action against a negligent third party, such action must be commenced not later than six months after the award of compensation and, in any event, before the expiration of one year from the date such action accrues. If an action is begun, the State Insurance Fund, if compensation is payable from that fund, has a lien on the proceeds of any recovery from the negligent third party. Subdivision 2 of section 29 provides in part: " If such injured employee, or in the case of death, his dependents, has taken compensation under this chapter but has failed to commence action against such other within the time limited therefor by subdivision one, such failure shall operate as an assignment of the cause of action against such other to the State for the benefit of the State Insurance Fund, if compensation be payable therefrom, and otherwise to the person, association, corporation, or insurance carrier liable for the payment of such compensation."

Section 67 of the Town Law provides: " Any claim other than a claim specified in section seventy-four of the Highway Law which may be made against the town for damages for wrong or injury to person or property or for the death of a person, shall state when, where and how such injuries or death were occasioned and the nature and extent of such injuries and duplicate copies thereof shall be filed with the supervisor and town clerk of the town. Such notice shall be filed within ninety days after the injury complained of and shall contain a statement of the place of residence of the complainant, a description of the time when and the particular place where and the circumstances under which the injuries complained of were sustained, the cause thereof, and, so far as then practicable, the nature and extent thereof and shall be verified by the complainant, and the town shall not be liable unless such verified notice or a copy thereof be so filed. No action shall be commenced upon such claim until the expiration of fifteen days after the service of such notice and no action may be commenced subsequent to one year after the alleged cause of action accrued. This section shall not apply to claims for damages or compensation for property taken for highway purposes." (Added by Laws of 1935, chap. 435; amd. by Laws of 1940, chap. 408, effective April 11, 1940.)

It is clear that there is an apparent conflict between the two statutes. The plaintiffs had no cause of action against the defendant until the widow of the injured employee had taken compensation

and had failed to commence an action against the defendant within six months after the award. On the other hand, section 67 of the Town Law requires the filing of a notice of claim within ninety days after the date of the injury or death. The Legislature certainly did not intend to confer on the State Insurance Fund or on the insurance carrier a valueless right when it provided for subrogation under subdivision 2 of section 29. But, in enacting section 67 of the Town Law, the Legislature intended to protect municipalities against unfounded and stale claims by requiring timely notice of injury to person or property in order that the officials of the municipality might investigate the claims when the facts were fresh and easily accessible.

The purpose of section 67 of the Town Law seems to me paramount. That purpose would be largely defeated if the State Insurance Fund or an insurance carrier could wait for more than six months before filing a notice of claim. The courts have always been alert to require a strict compliance with charter and statutory provisions for the filing of claims against municipalities. (*Winter* v. *City of Niagara Falls*, 190 N. Y. 198; *Russo* v. *City of New York*, 258 id. 344; *Rogers* v. *Village of Port Chester*, 234 id. 182; *Derlicka* v. *Leo*, 281 id. 266; *Kosiba* v. *City of Syracuse*, 260 App. Div. 557.) Now, when the assault on the citadel of governmental immunity is proceeding apace by statute and decision (Gen. Mun. Law, §§ 50-a, 50-b, 50-c, 50-d; *Duren* v. *City of Binghamton*, 283 N. Y. 467), the need of exacting a careful observance of all statutory requirements for the preservation of claims against municipalities is even greater. The only excuse for a failure to comply with these requirements which the courts have recognized is physical or mental disability or infancy so young as to amount to mental disability. (*Adonnino* v. *Village of Mount Morris*, 171 Misc. 383.)

No new cause of action was created in favor of the State Insurance Fund under subdivision 2 of section 29 of the Workmen's Compensation Law when the widow of the injured employee accepted compensation and failed within six months after the award to commence action against the negligent third party. The very word " assignment " connotes an existing cause of action. The Statute of Limitations, moreover, runs from the date of the injury or from the date of the death of the decedent and not from the time the insurance carrier or the State Insurance Fund becomes the owner of the cause of action by operation of law. (*Exchange M. I. Ins. Co.* v. *Central Hudson Gas & Electric Co.*, 243 N. Y. 75.)

It is true that section 29 of the Workmen's Compensation Law places in the hands of the dependents of the dead employee the power to transfer to the State Insurance Fund or other insurance

carrier a cause of action against the negligent third party, but there is nothing in the statute that compels the State Insurance Fund or the insurance carrier to refrain from taking any steps to anticipate a failure to commence an action against the third party by the injured employee or by his dependents in case of his death. The State Insurance Fund, upon the happening of this accident, could have filed a notice of claim with the proper officials of the town against the contingency that the widow of the injured employee would take compensation and would fail to bring an action against the town within six months after compensation had been awarded. The State Insurance Fund had a contingent interest in the claim and in the cause of action that would have been sufficient to permit it to file a notice of claim. The fund did file a notice of lien with the town of Howard some time in August, 1940, to give the town notice that the Commissioners of the State Insurance Fund claimed a lien for hospital and medical care and for compensation payments upon all claims and rights of action of the injured employee. If the fund could have filed this notice of lien it could have filed with equal facility the timely notice required by section 67 of the Town Law.

The case of *Manufacturers' Liability Ins. Co.* v. *Overseas Shipping Co., Inc.* (130 Misc. 710), on which the plaintiffs rely, is not persuasive on the facts here. In that case the court held that upon the death of an injured employee from causes unrelated to the accident, a cause of action in favor of an insurance carrier who had paid an award of compensation did not abate. At the time of this decision section 119 of the Decedent Estate Law, providing that a cause of action survives the death of a person in whose favor it existed, had not yet been passed. There was nothing in that case that the insurance carrier could have done to avert the destruction of the cause of action. Here, on the other hand, the State Insurance Fund could have filed a notice of claim with the town against a contingency which later happened.

The construction of the statutes which I have adopted does no violence to the language of either statute and leaves ample room for fulfilling the purpose of each statute. A timely assertion of the rights of the State Insurance Fund could have been made and, if it had been made, the defendant would have had the timely notice of the happening of the accident which the Town Law unequivocally requires.

The motion of the plaintiffs to strike out the affirmative defense contained in the second paragraph of paragraph " 8 " of the answer is denied, and the motion of the defendant to dismiss the complaint is granted, with costs to the defendant.

Let order enter accordingly.