The Century Indemnity Company, Respondent, v. Bank of Gowanda, Appellant.— Judgment affirmed, with costs. All concur. (The judgment is for plaintiff in an action by a surety to recover money paid to a contractor for work in construction and deposited in defendant bank and applied by it toward payment of loans made to the contractor.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

Amy M. Horey, as Administratrix, etc., of the Estate of Leon E. Horey, Deceased, Appellant, v. Benjamin Schrutt and Others, Defendants, and William W. Cease, Respondent.— Judgment so far as appealed from affirmed, with costs. All concur. (The part of judgment appealed from dismisses plaintiff's complaint as to defendant Cease in an action for damages for the death of plaintiff's intestate resulting from an automobile collision in which one of the automobiles was alleged to be operating in the business of the defendant Cease.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

In the Matter of the Estate of Charles D. Howell, Deceased. Clarence R. Burdick and Louis H. Burdick, Appellants; W. Glenn Larmonth, as Executor, etc., of Charles D. Howell, Deceased, Mildred V. Senior and Thelma M. Senior, Respondents.— Decree affirmed, with costs to the respondents against the appellants. All concur. (The decree construes the will of the decedent.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.

Elsie Borneman, Respondent, v. The John Hancock Mutual Life Insurance Company, Appellant.— Judgment and order of the Special Term reversed on the law and judgment of the Buffalo City Court affirmed, with costs in all courts. All concur, except Harris, J., who dissents and votes for affirmance of the Special Term in the following memorandum: The policy in question is to be construed in the light most favorable to the insured and the burden of establishing the facts necessary to support the defense based on the exception " * * * nor shall any such benefit be payable if death results, directly or indirectly, or wholly or partially * * * from injuries intentionally inflicted on the Insured by any person, while sane or insane * * * " is on the defendant. The facts here do not come within the limits of such exception. The injury that caused the death of the insured was the fracture of the skull. There is no proof to sustain a finding of fact that such fracture of the skull was intentionally inflicted and without such proof the defense based on the exception falls. In the light of other language of the policy it appears the meaning of the language in the exception in reference to death from injuries intentionally inflicted is that such injuries come as a result of fault or negligence on part of the insured. Of this there is no proof here. (The judgment and order reverse a judgment of the Buffalo City Court for the defendant in an action by the beneficiary to recover the accidental death benefit under a double indemnity rider on a life insurance policy.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ.

Commissioners of the State Insurance Fund, Appellants, v. Town of Howard, Respondent.— Order affirmed, with ten dollars costs and disbursements. All concur. (The order denies plaintiffs' motion to strike out a paragraph of defendant's answer and grants defendant's motion to dismiss plaintiffs' complaint in an action under section 29 of the Workmen's Compensation Law.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and Harris, JJ. [177 Misc. 820.]