Martin W. Deyo, J.
The issues in this action having been tried before me, one of the Justices of this court, at an Equity-Term thereof, held in and for the County of Broome on the 24th and 25th days of March, 1943, and the parties having appeared herein by their respective attorneys, and the allegations and evidence of the parties having been heard, and the matter having been finally submitted on the 8th day of September, 1943, and due deliberation having been had, I now decide *63 as follows, and embody in my decision a statement of facts which I deem essential.
The purpose of this action is threefold. It is brought to enjoin the defendant from diverting and discharging surface water from what is known as Foster Eoad, in the town of Vestal, New York, upon the plaintiffs’ lands; to restrain the defendant from entering upon plaintiffs ’ lands for the purpose of removing obstructions erected by the plaintiffs to prevent such discharge, and for consequential damages already sustained by the plaintiffs.
The complaint alleges that the defendant has erected barriers in the ditches along the highway bordering the plaintiffs’ lands, by reason whereof surface water was and is diverted upon his premises, through channels cut in the bank paralleling the road. It is further alleged that the plaintiffs, to protect their property, have filled in these channels, and that the defendant has entered upon their land and reopened them and threatens to continue the trespass and to hold the plaintiffs liable for the cost of keeping the channels clear. At the outset of the trial the defendant moved to dismiss the complaint for failure to allege and prove that a notice of claim had been filed as required by section 215 of the Highway Law. Had the action been brought for damages only, the defendant’s contention would have been meritorious, either by reason of section 215 of the Highway Law or by section 67 of the Town Law. (Commissioners of State Ins. Fund v. Town of Howard, 177 Misc. 820, affd. 263 App. Div, 1068.) Such is not the case, however. The action is brought in equity and its main object is to prevent the continuing invasion of the plaintiffs’ property rights. Such actions do not fall within the scope of either statute. (Sammons v. City of Gloversville, 175 N. Y. 346.) Decisions similar to Thomann v. City of Rochester (256 N. Y. 165); Schenker v. Village of Liberty (261 App. Div. 54, affd. 289 N. Y. 788); Harrigan v. Village of Delhi (34 N. Y. S. 2d 168), to the effect that equity actions are included in the statutory provisions requiring notice, are not in point, since the statutes involved in those actions were much broader in scope than the ones herein involved. (Missall v. Palma, 266 App. Div. 861, affd. 292 N. Y. 563.) The motion to dismiss the complaint will therefore be denied, with an exception to the defendant.
At the opening of the trial the plaintiffs moved to amend their complaint by adding Earl K. Webster as an individual defendant. Although the court had broad powers in this respect, under section 192 of the Civil Practice Act, justice requires me to deny the motion. Webster, as an individual defendant. *64 would have substantial personal rights to defend. He would be entitled to make that defense as an individual. He would be entitled to answer the complaint in such manner as he thought best and to employ his own counsel to represent him. To make him an individual defendant at this late date would deprive him of these rights. The motion is therefore denied, with an exception to the plaintiffs.
Turning to the merits of the case, the evidence discloses, and I find, that the situation relating to the diversion and discharge of the surface water draining from the highway has been substantially the same since 1895. Since that date, successive town superintendents have maintained substantially the same system of ditches and culverts as exists today, and have diverted the waters collected thereby upon plaintiffs’ lands through openings or channels cut through the bank bordering the highway. The plaintiffs acquired the property in 1912, but raised no objection to the diversion. ° In 1926 the location of one of the culverts was changed, but I do not find from the evidence that such change materially altered the prescriptive rights which had then been acquired by adverse use. Sometime after 1931, the plaintiffs, in recognition of the prescriptive rights acquired, sought and were granted permission to block the diversion for a short period. Such nonuser is insufficient to constitute an abandonment of the prescriptive right acquired. (Matter of Daly, 123 App. Div. 709, affd. 192 N. Y. 571.) In more recent years the plaintiffs, without such permission, have filled the channels leading onto their land, only to have the obstruction removed by the defendant. It is now apparent that the discharge of the surface waters is causing damage and inconvenience to the plaintiffs, not because the flow has increased, but because erosion has developed definite channels and watercourses. Section 189 of the Highway Law provides that lands which shall have been used by the public as a highway for 20 years or more shall be a highway with the same force and effect as if it had been duly laid out and recorded as such, and that the town superintendent shall open all such highways to the width of at least three rods. It is true that if a road or way is established by use, the actual use thereof defines the extent of the easement. (Walker v. Caywood, 31 N. Y. 51; People v. Sutherland, 252 N. Y. 86; 1939 Atty. Gen. [Inf.] 244.) Under subdivision 4 of section 2 of the Highway Law, a highway is deemed to include “ necessary sluices, drains, ditches, waterways,” etc. As has been pointed out, the evidence clearly discloses that the two channels cut through the bank have been maintained, cleaned and thus “ used ” for *65 more than the prescribed period. It is likewise clear that neither the defendant nor his predecessor in office ever exceeded the three-rod limitation. Consequently, I find that the two channels in question are within the boundaries of the highway and that the obstruction thereof by the plaintiffs was improper, and that the defendant has the right to remove these obstructions, and, having given proper notice, to assess the cost thereof against the plaintiffs. Such portion of the relief demanded, which has for its purpose the restraining of the defendant from removing the obstructions from the channels and from levying an assessment for such removal against the plaintiffs, is denied. In order to take care of the surface water draining from the highway and for the purpose of diverting it upon the plaintiffs’ lands, the defendant has placed obstructions in the highway ditches paralleling the road. Whether or not this is the best or even a proper method of draining is not for the courts to say. These are matters which properly come within the discretion of the town superintendent, and since the evidence shows that the method employed is a proper and feasible one, it will not do for the courts to intervene and substitute their judgment for his. The duty of the court is to decide what may or may not be done under the law. The method of accomplishing this result, the procedure to be followed, the engineering details to be carried out, are for the town superintendent. That portion of the plaintiffs’ complaint wherein they seek to require the defendant to remove the obstructions in the highway ditches will therefore be denied.
Unfortunately, the principal question presented in this case is not so easily disposed of. The final issue concerns the right of the defendant in his official capacity to divert and discharge the surface water from the highway upon the lands of the plaintiffs. This question remains, whether the point of discharge be at the edge of the traveled portion of the highway or at the end of the channels onto the plaintiffs’ lands. It remains, regardless of the right of the defendant to obstruct the ditches or the method which he may use to dispose of the surface water. Regardless of how the diversion is accomplished, and whether or not the defendant was within his rights in blocking this ditch or excavating that channel, the fundamental question concerns the right of the defendant to divert the surface water upon the plaintiffs’ lands. The argument that it is being done in many other instances is, of course, without merit. If the defendant is exceeding his authority, if he is doing something which he has no right to do, numerous other offenses are no excuse.
*66 It is more or less elementary that a person may not be held responsible for the natural flow of surface water from his lands to the lands of another. However, it is equally well established that a person may not, by means of ditches or drains, collect such water into a single stream and discharge it upon the lands of another. (Barkley v. Wilcox, 86 N. Y. 140.) The rule is the same for municipalities as for individuals. (Byrnes v. City of Cohoes, 67 N. Y. 204; Blake v. Village of Cornwall, 222 N. Y. 597.) “ A municipal corporation has no greater right than an individual to collect the surface-water from its lands or streets into an artificial channel, and discharge it upon the lands of another, nor has it any immunity from legal responsibility for creating or maintaining nuisances.” (Noonan v. City of Albany, 79 N. Y. 470, 476; Tremblay v. Harmony Mills, 171 N. Y. 598, 601.) It has been specifically held in this regard that a highway commissioner has no right to collect water in a highway ditch and cast it upon adjoining land. (Laduca v. Draves, 145 App. Div. 159, 162.) This is just what the defendant in the instant case is doing. He seeks to excuse his acts, however, by reason of prescriptive rights, which he claims have been acquired during the long period that this practice has been followed. It is true that a right to divert waters and to cast them upon another’s land may arise by prescription through adverse use. (Smith v. State of New York, 115 Misc. 683, affd. 208 App. Div. 759.) Such prescriptive rights arise through continuous and uninterrupted adverse and hostile use for 15 years. (Civ. Prac. Act, §§ 34, 35.) As has been already pointed out, such adverse use is supported by the evidence in the instant case. The difficulty, however, is that rights thus acquired constitute a Statute of Limitations and hence can be availed of only if pleaded. (Civ. Prac. Act, § 30.) It is an elementary rule of law that a Statute of Limitations operates only as a bar to a remedy, and if not pleaded must be considered waived. (Nehasane Park Assn. v. Lloyd, 167 N. Y. 431; Lindlots Realty Corp. v. County of Suffolk, 251 App. Div. 340, 342, affd. 278 N. Y. 45.) Title by prescription is an affirmative defense and must be affirmatively alleged and proved. (Hammond v. Antwerp Light & Power Co., 132 Misc. 786, 791.) The answer in the instant case is devoid of such a plea. Consequently, I am not at liberty to consider the validity of the defense.
In accordance with the foregoing, and each party being deemed to have made a motion for a judgment in his favor, it is ordered, that the motion of the defendant for judgment in his favor be denied, and that the motion for the plaintiffs for judgment in their favor by granted, as follows:
*67 The temporary injunction heretofore granted will be vacated. A permanent injunction will be granted restraining the defendant from collecting and discharging surface waters upon the plaintiffs’ property. Realizing the necessity for developing some other method of disposing of the surface waters, such injunction will not become effective until May 1,1944. Damages will not be awarded, due to the failure to file the notice required by law. No costs will be awarded to either party.