County of Lewis, Plaintiff, v. Town of Diana, Defendant.

Supreme Court, Special Term, Lewis County, January 30, 1947.

*Tripp & Dunk* for defendant.

*Dudo & Egloff* for plaintiff.

Kimball, J. The defendant has moved for summary judgment pursuant to rule 113 of the Rules of Civil Practice.

The action is one in negligence for damages to a bridge owned by the plaintiff. It.is alleged in the complaint that the bridge was so badly damaged through the negligence of an employee of the defendant in the operation of a snowplow, it had to be removed and replaced at a cost of $15,000.

In addition to general denials, the answer sets up two separate affirmative defenses. The first is that the plaintiff did not serve a notice of claim as required by section 67 of the Town Law or section 50-e of the General Municipal Law. The second is that the cause of action alleged was not commenced within the time limited by said sections. The complaint does not allege the serving of any notice of claim.

The accident happened on the 14th day of December, 1944. It is undisputed that the action was commenced on the 26th day of November, 1946, and that no notice of claim against the defendant town was ever served. At the time the accident happened section 50-e of the General Municipal Law had not been enacted. That section became effective on September 1, 1945 (L. 1945, ch. 694, § 1). Section 67 of the Town Law at the time of the accident required notice of claim in an action of this nature, to be served within ninety days after the injury and limited the time within which to commence the action to one year after the cause of action accrued. Effective on September 1, 1945, said section 67 of the Town Law was amended to provide that notice of claim against a town shall be made and served in compliance with section 50-e of the General Municipal Law (L. 1945, ch. 694, § 7). There was no change made in the limitation period for the commencement of the action.

It is contended by the plaintiff that section 67 of the Town Law as it was in 1944 and as amended in 1945 and section 50-e of the General Municipal Law may not be held to apply to an action brought by a municipality. With this contention I connot agree. There was no notice of claim ever served under section 67 of the Town Law either before or after amendment. The action was not commenced either within a year after the cause of action accrued or within a year after the effective date of section 50-e of the General Municipal Law. [L. 1945, ch. 694, § 14.]

The only remaining question is whether statutes requiring service of notice of claim and limiting the time for commencement of actions in cases of this nature are applicable to plaintiffs which happen to be municipal corporations. It is my opinion that the sections involved here apply as well to the plaintiff county as to an individual. The action is of a proprietary

nature. Governmental function is not present. The county is merely seeking damages for injuries to its property by reason of alleged negligence of the defendant.

" The rule that statutes of limitation do not apply to actions by the state unless a legislative intention that they shall do so is shown by express language or appears by the clearest implication has sometimes been applied to subordinate political bodies, including municipal corporations, with respect to any litigation to enforce governmental rights, but the better opinion is that this principle should be not so extended. Therefore the statutes ordinarily run against a county, city, school district, or other municipality, and the same is true in regard to public corporations considered as mere agencies of the state." (17 R. C. L., § 346, pp. 972–973, and cases there cited. See, also, *Commissioners of State Insurance Fund* v. *Town of Howard,* 177 Misc. 820, affd. 263 App. Div. 1068.)

To my mind, there is no valid reason why a municipality, such as a county in the instant case, should not be required to serve a notice of claim and bring its action within the limited period as the statutes provide. The purpose of the statutes is apparent and there is as much necessity for compliance by a municipality as by an individual.

The motion is granted, with $10 costs.