Charles T. Major, J.
These claims were filed (1) to recover damages sustained by claimants by the appropriation of part of their properties; and (2) to recover damages for a de facto appropriation based on the contention that the highway in front of their respective properties was a three-rod road. The State denies any de facto appropriation and maintains that the highAvay is a four-rod road. The dispute resolves itself into a question whether the highway was a three- or four-rod road *64 before the appropriation, and the location of the center line thereof.
This highway, which adjoins the properties of claimants Lee, Mullen and Cardet-Dowd, was originally laid out pursuant to chapter 43 of the Laws of 1797 and amendments. The portion of this highway which adjoins the properties of Hoskins was originally laid out pursuant to section 31 of chapter 210 of the Laws of 1847. These statutes required that the width of this road be not less than four rods wide. The law presumes that the Highway Commissioners performed their oficial duties according to law. (Harriman v. Howe, 78 Hun 280, 282.)
It very often happens, in matters of this type, that the old records are not as complete, or as accurately kept and recorded as they might have been. However, the records and law pertaining to the history of this highway affirmatively establish that the highway along the front of the properties of each of the above-named claimants was four rods wide. This highway has been in use over a long period of years, and there is no evidence that any part of its width has been abandoned. 11 Once a highway, always a highway ’ ’ until the contrary is shown (Matter of Scheibel v. O’Brien, 230 N. Y. 277, 281), or unless it ceases to be such by the action of the general public in no longer traveling upon it, or by action of the public authorities in formally closing it. (City of Cohoes v. President, etc. of Delaware & Hudson Canal Co., 134 N. Y. 397, 406; Driggs v. Phillips, 103 1ST. Y. 77, 83; Beckwith v. Whalan, 65 N. Y. 322, 332.)
It is the duty of the claimant to prove his claim. (Matter of Avoca Soil Improvement Co. v. Wilber, 137 Misc. 827.) A survey and/or order of Highway Commissioners laying out a highway or establishing the center line thereof, pursuant to law, is evidence of the laying out of the boundaries, or of the determination of such center line. (Smith v. Ess, 125 N. Y. S. 450, affd. 157 App. Div. 943.)
The failure of the State to open the highway to its whole width does not operate to extinguish the rights of the public to the parts or parcels not so opened or worked. This road as an entirety has been opened, worked and constantly in use from the date of the record to the present time. Simply, it has not been opened at all places for its whole width. (Walker v. Caywood, 31 N. Y. 51; St. Vincent’s Female Orphan Asylum of City of Troy v. City of Troy, 76 N. Y. 108, 114; Niagara, Lockport & Ontario Power Corp. v. State of New York, 187 Misc. 527; Porter v. State of New York, 5 Misc 2d 28.)
Where the immediate consequence of the construction of a street or road is to divert the flow of water from its natural *65 channel and cast it upon the lands of the adjoining proprietor, there is the creation of an easement for which compensation should be awarded, but when there is a mere disturbance of the flow of the surface water and no collection of it into a body requiring a channel for its flow, then it cannot be said to be a taking. (Giovitto v. Nassau County, 63 N. Y. S. 2d 864; Foster v. Webster, 8 Misc 2d 61.)
The several properties of the claimants herein and the highway involved are in a rural area, in which payment for damages for change of grade has not been provided for by statute. The State is not liable for damages due to construction or alteration, including change of grade, of its highways within its own right of way, unless provided for by statute. Such damages are damnum absque injuria. (Sauer v. City of New York, 180 N. Y. 27, 33, affd. 206 U. S. 536.)
Separate findings of fact and conclusions of law are filed herewith, and awards made in each of the above claims.