Richard S. Heller, J.
The claim filed herein seeks recovery of three separate items of damage, one labeled damage for trespass, the second labeled damage for appropriation and the third labeled damage for ejectment. All three claims have their basis in the erection of a pole at the southeast corner of the intersection of Route 31 'and Route 298 for the purpose of supporting the wires from which a signal light at that intersection was hung. The pole was installed about November 1, 1956 and was physically removed about March 15,1960.
The claimant asserts that the pole was erected on his land to the east of the highway boundary. The State contends that this highway included a four-rod right of way with the center line being the center of the paved portion of the highway and that the pole was erected within the limits of this four-rod right of way.
Claimant’s proof was directed entirely to the width of pavement and highway user within the memory of living men. This proof was sufficient to establish that the highway within this area was not used to a full four-rod width.
The State, however, presented proof sufficient to establish that this highway had its inception as a plank road laid out and constructed pursuant to chapter 210 of the Laws of 1847. The proof establishes that ever since this highway has been opened for at least a part of its total width and used as a public highway.
*1017 Section 31 of chapter 210 of the Laws of 1847 required that every plank road built pursuant to that Statute be laid out at least four rods wide “ the track of which shall be made of timber, plank, or other hard material * * * and be so constructed as to permit carriages and other vehicles conveniently and easily to pass each other. ’ ’ Where a road has been laid out under a statute the width of that road is determined by the statute and not by user. The failure of the State to occupy the full width or to improve the road to the full width does not constitute an abandonment of the easement over the unused portion. (Schillawski v. State of New York, 9 N Y 2d 235.) Once a highway is laid out and opened for public use it remains a public highway until it ceases to be such by action of the general public in no longer traveling upon it or by action of the public authorities in formally closing it. (Mullen v. State of New York, 17 Misc 2d 63.) This is true whether the public highway was originally laid out and opened by some public authority or by a private corporation pursuant to such a statute as chapter 210 of the Laws of 1847. (Schillawski v. State of New York, supra; Niagara, Lockport & Ontario Power Corp. v. State of New York, 187 Misc. 527.)
The court finds that the claimant has failed to prove any claim and that the traffic light pole was erected on property lying within the highway right of way and the úse was for highway purposes.
The claims involved herein have not been assigned and the court has viewed the premises.
The motion made by the State at the close of the evidence for dismissal on the ground that claimant failed to prove the claim on which decision was reserved is hereby granted and the case is dismissed.