Anthony J. Ferraro, J.
Defendant made application to dismiss the complaint herein upon the ground that plaintiff failed to file a notice of claim pursuant to section 50-e of the General Municipal Law. The application was granted without opposition. Plaintiff now applies to this court for a reconsideration of the application claiming that his affidavit in opposition was served upon the defendant but inadvertently not submitted to the court.
Plaintiff has offered a reasonable excuse for his default in opposing the original application and no prejudice has ensued to defendant by reason thereof. The court will therefore reconsider defendant’s application to dismiss the complaint.
Plaintiff was the compensation carrier for Mount Vernon Community Action, Inc., and paid certain sums to an employee of their assured who was injured during the course of his employment. The employee was injured through the alleged negligence of the City of Mount Vernon. The injured employee did not institute a third-party action against the City of Mount Vernon whereupon the plaintiff maintained this subrogation action pursuant to section 29 of the Workmen’s Compensation Law.
Plaintiff contends that it was not required to file a notice of claim because its claim arose under the provisions of the Workmen’s Compensation Law. Subdivision 7 of section 50-e of the General Municipal Law excludes such claims from the notice requirement.
Plaintiff’s claim did not arise under the provisions of the Workmen’s Compensation Law but under the principles of *921 negligence. The Workmen’s Compensation Law merely assigns such negligence-based third-party action to a compensation insurance carrier which makes payment of workmen’s compensation benefits. Any third-party action instituted by the injured claimant would necessarily have to be based on negligence. Plaintiff who has become subrogated to the rights of that claimant can have no greater or lesser rights than the claimant himself. The only claim which arose under the Workmen’s Compensation Law was that of the injured claimant against his employer and that claim has been satisfied.
In view of the statutory right to step into the shoes of the injured claimant plaintiff could and should have complied with the jurisdictional requirements of the General Municipal Law to protect its contingent claim against the third party in the event the injured claimant forfeited his right. The requirements of the General Municipal Law are clear and unequivocal and the legislative intent is apparent. Municipalities are entitled to be protected against unfounded and stale claims by requiring timely notice of accident in order that they may investigate while the facts are fresh and the evidence easily accessible. The failure to file a notice of claim is fatal to the instant cause of action. (Commissioners of State Ins. Fund v Town of Howard, 177 Misc 820, affd. 263 App Div 1068, mot. for lv. to app. den. 264 App Div 828.)
There remains for consideration the issue of whether the letter notice addressed to the defendant on March 19, 1974 is adequate to comply with requirements of section 50-e of the General Municipal Law. Although this notice was timely and specifies "the nature of the claim; the time when, the place where and the manner in which the claim arose” and the "injuries claimed to have been sustained” it is not "sworn to by or on behalf of the claimant” and does not set forth "the name and post-office address of each claimant, and of his attorney, if any”. (General Municipal Law, § 50-e, subd 2.) The letter notice therefore fails to comply with the specific requirements of the statutory enactment which constitute conditions precedent to maintenance of the action.
However the statute itself contains a built-in safety valve to correct mistakes, omissions, irregularities or defects when made in good faith and when the other party is not prejudiced thereby. (See, General Municipal Law, § 50-e, subd 6 and Montana v Incorporated Vil. of Lynbrook, 23 AD2d 585.) If *922 plaintiff can show good faith and the absence of prejudice it may obtain leave to amend its notice of claim.
The motion to dismiss the complaint is therefore granted unless plaintiff makes application to amend its notice of claim within 20 days and succeeds on such application.