ATLANTIC MUTUAL INSURANCE COMPANY, as Subrogee of LAURA S. SMITH, Respondent, v STATE OF NEW YORK, Appellant. (Claim No. 57396.)

Third Department, January 8, 1976

*Louis J. Lefkowitz, Attorney-General (Wilson, Bave & Hayes, Henry J. Smith of counsel), for appellant.*

*MacCartney, MacCartney & MacCartney (Harold Y. Mac-*

*Cartney, Jr.,* and *Dorothy C. Breland* of counsel), for respondent.

GREENBLOTT, J. P. This is an appeal from a judgment, entered January 20, 1975, upon decisions of the Court of Claims, dated June 14, 1974 and January 9, 1975.

The primary issue to be resolved on this appeal is whether a compensation insurance carrier, as a potential subrogee under section 29 of the Workmen's Compensation Law, may prospectively file an effective notice of intention to file a claim under the provisions of section 10 of the Court of Claims Act and thereby preserve its status as a claimant in an action against the State in the event a workmen's compensation recipient fails to timely commence such an action.

Laura Smith was injured in the course of her employment on March 16, 1971 when a school bus she was driving collided with a vehicle owned by the State of New York and operated by one of its employees. She was first paid workmen's compensation benefits on May 27, 1971 by her employer's carrier, Atlantic Mutual Insurance Company, the claimant herein. On June 11, 1971 Atlantic Mutual filed a notice of intention to file a claim against the State of New York as "subrogee of Laura S. Smith." Thereafter, on March 15, 1972, Laura Smith moved in the Court of Claims for permission to file a late notice of claim, but this motion was denied by order filed May 12, 1972 and her appeal therefrom was later dismissed by this court for lack of prosecution on September 21, 1972.

On January 26, 1973 Atlantic Mutual advised Laura Smith that if she failed to initiate an action against the State of New York within 30 days, it would become subrogated to her rights against the State (Workmen's Compensation Law, § 29, subd 2). When she did not, Atlantic Mutual filed its claim against the State of New York on March 7, 1973 as her subrogee. By decision dated June 14, 1974 the Court of Claims determined that Atlantic Mutual was a proper claimant and, by supplemental decision dated January 9, 1975, fixed money damages against the State of New York. This appeal ensued.

Subdivision 3 of section 10 of the Court of Claims Act provides that a claim for damages shall be filed within 90 days after the claim accrues, unless the claimant, within 90 days, files a written notice of intention to file a claim, in which event the claim must be filed within two years after it accrues. In our view, the claimant compensation insurance

carrier did preserve its status as a claimant in an action against the State when it timely filed notice of intention to file a claim under the provisions of section 10 of the Court of Claims Act, although the workmen's compensation recipient failed to timely commence her action.

It must be conceded that the claimant carrier strictly complied with the provisions of both the Court of Claims Act and the Workmen's Compensation Law. On June 10, 1971, within 90 days after the accident out of which this claim arose, claimant complied with the provisions of section 10 of the Court of Claims Act by filing a "Notice of Intention to File Claim" against the appellant State of New York. Such prospective filing is permissible (see *Matter of Johnson v State of New York,* 49 AD2d 136) and complies with the legislative purpose to give the State prompt notice that a claim will be asserted against it so that the State will not be prejudiced and taken by surprise by a stale claim.

Mr. Justice KANE's argument in dissent that Atlantic Mutual was not the claimant and therefore could not file a notice of intention to file a claim is at variance with the holding in *Matter of Johnson v State of New York (supra),* that a prospective claimant may file to preserve its rights before it becomes endowed with the official status of a claimant. Atlantic Mutual was not the claimant when it filed its notice of intention. It became the claimant when Laura Smith failed to act. Under the procedure set forth in the Workmen's Compensation Law, a carrier's rights as a claimant where the State or a municipality is a third-party defendant cannot accrue until after the time for filing a notice of intention to file a claim has passed. If Justice KANE's analysis is extended to its logical extreme, a carrier will never be permitted to have the status of claimant where the State or a municipality is a third-party defendant.

Claimant also complied fully with the provisions of subdivision 2 of section 29 of the Workmen's Compensation Law which provides that "[i]f such injured employee * * * has taken compensation under this chapter but has failed to commence action against such other within the time limited therefor by subdivision one, such failure shall operate as an assignment of the cause of action against such other". Subdivision 1 provides that action must be commenced by the injured employee "not later than six months after the awarding of the compensation".

The claimant insurance company, under *Matter of Johnson v State of New York (supra)*, properly filed a notice of claim within 90 days. The employee was not permitted to bring its cause of action because she had not acted within 90 days, but the cause of action was still viable up to two years from the date of the accident in the hands of a claimant which had filed a notice of claim within 90 days, as the carrier in this case had done. The case is thus distinguishable from *Commissioners of State Ins. Fund v Town of Howard* (177 Misc 820, affd 263 App Div 1068), where the carrier had not protected itself by filing within 90 days.

The fact that section 10 of the Court of Claims Act is held to be jurisdictional merely means that the court was without jurisdiction of a claim filed by Laura Smith; it does not mean the cause of action itself could not be brought by a proper claimant who had complied with its provisions. The doctrine that a claim barred against one plaintiff may be asserted by another plaintiff, whether or not classified as a fiction, is not new. For example, an infant may assert a claim which is time-barred to its parent, and a defendant may assert a claim for indemnity under *Dole v Dow Chem. Co.* (30 NY2d 143), against a third-party defendant who would have had a good Statute of Limitations defense against a primary plaintiff. In other words, the cause of action remained viable and was assigned by operation of law to the claimant, despite the fact that the employee could no longer bring the action after she failed to act within 90 days of the accident.

A contrary holding would produce a harsh and unfair result wherein the insurance carrier would in effect lose its right of action despite the fact that it had done all it could to protect itself, because a potential claimant through either negligence or recalcitrance failed to act within 90 days. The very purpose of subdivision 2 of section 29 is to permit a compensation carrier to succeed to the rights of an injured employee where that employee has failed to act. The dissent dismisses the carrier's potential rights as subrogee by noting that the choice to litigate rests with the employee. Such an approach ignores the fundamental fact that the Legislature has bestowed certain protections upon the carrier where that choice is exercised against bringing suit and thus frustrates the purpose of the statute.

This brings us to the issue raised by the appellants wherein they contend the Court of Claims erred in awarding the full

tort standard of damages, rather than the amount paid by the carrier. This contention must be rejected in the face of clear language in section 29 providing for recovery beyond the total amount of compensation payments. The State contends that a windfall would result to the employee to the extent of two thirds of any recovery in excess of total compensation payments. The Legislature has seen fit to permit such a "windfall" where the injured employee has failed to protect its third-party rights. We see no reason to reach a different result where the employee was barred from asserting third-party rights.

The judgment should be affirmed, with costs.

KANE, J. (dissenting). *Exchange Mut. Ind. Ins. Co. v Central Hudson Gas & Elec. Co.* (243 NY 75, 79) instructs us that section 29 of the Workmen's Compensation Law created no new cause of action in favor of a compensation carrier and states further that "neither assignment nor subrogation confers upon a new party rights greater than those which the original party possessed". In this case Laura Smith possessed no rights against the State when the assignment to Atlantic Mutual arose by operation of that section, yet the result achieved by the majority permits that carrier to recover against the State on her original claim. It reaches this end by adopting the ingenious fiction that a cause of action does not cease to exist when time-barred; it merely lies dormant somewhere waiting to be revived and asserted by some more worthy party. In our opinion resort to such strained reasoning is not required for the proper resolution of this appeal.

The Court of Claims does not provide that *anyone* may file a claim or a notice of intention to file a claim against the State; it specifies that such action is to be taken by *the claimant* (Court of Claims Act, § 10, subd 3). In *Matter of Johnson v State of New York* (49 AD2d 136), the claimant was an administratrix (Court of Claims Act, § 10, subd 2). Although she had not qualified as such when she filed the notice of intention, it seems plain to us that her action would have been regarded as a nullity in that case if another had later been appointed to represent the estate in her stead. Here, the claimant was Laura Smith, not Atlantic Mutual, and only she could comply with the statutory requirements, since the choice to litigate was personal to her. Atlantic Mutual's notice of intention to file a claim accomplished nothing for it was not the claimant. While we agree with the majority's statement of

the purpose of section 29 of the Workmen's Compensation Law, we cannot conclude that the protections therein bestowed upon a compensation carrier were meant to extend so far as to override the language of the Court of Claims Act and accepted principles of assignment and subrogation. If there is an unintended frustration of that purpose when an employee's action is time-barred before the compensation carrier may succeed to the injured worker's rights, it is for the Legislature to rectify the problem. Trapped by its own logic in attempting to rescue the carrier's position, the majority produces the frustration of another statutory scheme when it requires the State to pay a portion of the award to one who could not have recovered against it. Potential defendants in third-party actions may be expected to answer the suits of injured employees within the times limited therefor. Matters are not the same when, as here, such a defendant is compelled to answer at a time when it could have successfully defeated any action by the injured worker.

The judgment should be reversed, and the claim dismissed.

SWEENEY and REYNOLDS, JJ., concur with GREENBLOTT, J. P.; KANE and LARKIN, JJ., dissent and vote to reverse in an opinion by KANE, J.

Judgment affirmed, with costs.