OPINION OF THE COURT
Joseph P. McCarthy, J.
Defendant, George Watkins, appeals from an order denying his motion for summary judgment in this action instituted by the City of Buffalo to recover its costs in demolishing a deteriorated building (see Charter of City of Buffalo, art 2, § 10, subd [10]; Ordinances of City of Buffalo, ch 12, §§ 22-A— 22-J) owned by defendant.
The record shows that the structure was demolished on April 24, 1972 and that this lawsuit was commenced by service of a summons and complaint on defendant Watkins on June 27, 1978. Thus, defendant contends that the action is barred by the six-year Statute of Limitations (CPLR 213).
The plaintiff city claims that since it is a municipality it is *18 not restricted by Statutes of Limitation and also, that this is an action to recover an assessment on the real property and not an action of debt and that therefore the six-year Statute of Limitations is not binding.
With respect to the proposition that a municipality enjoys immunity from Statutes of Limitation, it is settled that a municipality is not automatically entitled by virtue of its status to institute an action after the time limit set forth in the applicable Statute of Limitations (see City of Buffalo v Maggio, 27 AD2d 635; County of Lewis v Town of Diana, 188 Misc 376). While the high court has pointed out that a sovereign State has implied immunity from Statutes of Limitation, that rule does not obtain where, as here, the statute includes the State (Guaranty Trust Co. v United States, 304 US 126, 133; CPLR 201). Certainly, the plaintiff city has no "sovereign” rights more extensive than those enjoyed by the State.
The court views plaintiff’s further contention also as being without merit. Assuming that this suit is an action to recover an assessment, the time in which to institute such an action is expired since it must be brought within the time one might commence an action on a mortgage (see 55 NY Jur, Special Assessments, § 359) and the time allowed for that action is six years (CPLR 213, subd 4).
The order is reversed and summary judgment, dismissing the complaint, is granted as to defendant Watkins.
This decision constitutes the order of the court.