OPINION OF THE COURT
Samuel Greenstein, J.
In this action to recover possession of chattels pursuant to CPLR article 71, plaintiffs New York City Transit Authority (NYCTA) and Manhattan and Bronx Surface Transit Operating Authority move for summary judgment declaring that the NYCTA is entitled to possession of certain historical photographs and materials contained in three collections, and directing defendant the New-York Historical Society (N-YHS) to deliver these photographs and materials to the NYCTA forthwith. Defendant N-YHS cross-moves for summary judgment dismissing plaintiffs’ complaint.
The background of this matter is as follows: In 1943, the New York City Board of Transportation (Board of Transportation) transferred four scrapbooks and 30 separate documents relating to the New York Elevated'Railway Company and other mass transit companies (the Elevated Railway Collection) to *33 the N-YHS. Such transfer was recorded as a gift in both the 1943 and 1944 annual reports of the N-YHS.
In early 1950, the Board of Transportation transferred a collection of approximately 50,000 to 60,000 photographs and approximately 40,000 photographic negatives depicting New York City street and subway construction scenes from 1899 to 1940 (the Subway Collection) to the N-YHS. The Board of Trustees of the N-YHS recorded such transfer in its minutes as a gift, and each of the photographs in the Subway Collection was stamped with a legend reading "Gift of the Board of Transportation of the City of New York, 1950.” The Subway Collection was also publicly listed as a gift from the Board of Transportation in the N-YHS’s annual report for 1950. The photographs in the Subway Collection have been publicly exhibited by the N-YHS on several occasions.
In 1981, the NYCTA transferred a collection of approximately 800 to 1,000 photographs taken during the 1890’s through the 1950’s and two scrapbooks of documents relating to the operations of a private bus company known as the Fifth "Avenue Coach Company (the Fifth Avenue Coach Collection) to the N-YHS. The Fifth Avenue Coach Collection was transferred pursuant to a certificate of gift dated March 10, 1981 and signed by the NYCTA and the N-YHS. Such transfer was recorded as a gift in the N-YHS’s annual report for 1981 and, in 1982, the N-YHS held an exhibition of the Fifth Avenue Coach Collection. In every reference to the exhibition, the N-YHS consistently referred to the Fifth Avenue Coach Collection as a gift from the NYCTA.
By letter dated March 21, 1988, the NYCTA requested that the N-YHS return the Subway Collection to the NYCTA and, by letter dated May 10, 1993, counsel for the NYCTA requested that the N-YHS return all of the collections transferred to it by plaintiffs or their predecessor. The N-YHS refused to do so.
Consequently, plaintiffs commenced this action seeking to recover possession of the three collections transferred to the N-YHS. Plaintiffs’ first cause of action alleges that the transfers of all three collections were void ab initio because New York Constitution, article VIII, § 1 (or art VII, § 8) prohibited the Board of Transportation and the NYCTA from making any gifts to the N-YHS. Plaintiffs’ second cause of action alleges that the transfers of the collections were void ab initio because they were ultra vires acts of individual employees of plaintiffs or their predecessor without express authority to make such transfers. In response to the N-YHS’s cross mo *34 tion, plaintiffs assert that they "will not press” their third cause of action, which alleged that the N-YHS breached a December 1, 1987 oral agreement by refusing to transfer the Subway Collection to the NYCTA.
Plaintiffs, by the instant motion, seek summary judgment declaring that the NYCTA is entitled to possession of the three collections, and directing the N-YHS to deliver these collections to the NYCTA forthwith. The N-YHS has cross-moved for summary judgment dismissing plaintiffs’ complaint based on its affirmative defense that plaintiffs’ claims to recover possession of the collections are time barred by the applicable Statute of Limitations.
It is well settled that where the initial possession of a chattel is wrongful or unlawful, the cause of action to recover the chattel accrues and the Statute of Limitations begins to run at the time of the initial unlawful possession (Guggenheim Found. v Lubell, 77 NY2d 311, 318; Sporn v MCA Records, 58 NY2d 482, 488). "The taking of property without right constitutes a conversion and no demand and refusal are necessary to render the defendant liable” (Nat Koslow, Inc. v Bletterman, 23 Misc 2d 340, 343).
Plaintiffs assert that New York Constitution, article VIII, § 1 forbids City agencies such as the Board of Transportation from making gifts of their property to anyone other than public agencies or public corporations. Plaintiffs argue that since the N-YHS is not a public entity, the Board of Transportation could not have constitutionally made a gift of the photographs and other materials to the N-YHS. Plaintiffs, therefore, contend that any purported gifts of such materials to the N-YHS were void ab initio and must be returned to them.
Since, under plaintiffs’ theory of recovery, the purported gifts were unlawful at the time of each transfer, plaintiffs’ causes of action for the return of the collections accrued and the Statute of Limitations began to run at the time of each transfer (see, Guggenheim Found. v Lubell, supra, at 318; Sporn v MCA Records, supra, at 488).
The court rejects plaintiffs’ contention that the applicable Statute of Limitations did not begin to run until plaintiffs’ 1993 demand for the return of the collections was refused. In support of their contention, plaintiffs argue that all three transfers were implied bailments of the collections and, as such, a demand for the return of the collections was required before the Statute of Limitations for their claim to recover possession of the collections began to run. However, New York *35 Constitution, article VIII, § 1, which plaintiffs rely upon to argue that a gift of the collections would have been unconstitutional, also prohibits all types of loans. Thus, a bailment of the collections to the N-YHS, a form of loan, would have been prohibited, and the N-YHS’s possession would have been wrongful at the time of the initial transfers.
A demand is only a substantive requirement of a cause of action to recover chattels where one in possession of the chattels acquired such possession lawfully or where, as in the case of a good-faith purchaser for value, the initial possession of the chattels is not considered wrongful (see, Guggenheim Found. v Lubell, supra, at 318; 23 NY Jur 2d, Conversion, and Action for Recovery of Chattel, § 50). Therefore, since, under plaintiffs’ theory of recovery, the N-YHS did not acquire the collections lawfully and its initial possession of the collections was wrongful under New York Constitution, article VIII, § 1, the Statute of Limitations for plaintiffs’ claims to recover the collections began to run at the time of the transfers, without any requirement of a demand (see, 23 NY Jur 2d, Conversion, and Action for Recovery of Chattel, § 51).
Plaintiffs’ further argument that the possession of the collections by the N-YHS was not wrongful and did not constitute conversion until there was a demand and refusal to return the collections because the N-YHS held the collections in good faith up until such time, is also without merit. A transfer may be wrongful and constitute a conversion even where the defendant acted in good faith and the plaintiff was unaware at the time that the taking was wrongful (see, Nat Koslow, Inc. v Bletterman, supra, at 342-343; 23 NY Jur 2d, Conversion, and Action for Recovery of Chattel, § 56). All that is necessary is that the defendant had no right to possess the property in question (see, Nat Koslow, Inc. v Bletterman, supra, at 343).
Although this case does not involve a situation where the collections were stolen, theft or outright misappropriation is not a necessary element of conversion (Mendelson v Boettger, 257 App Div 167, 169, affd 281 NY 747). "It is sufficient if there [is] interference with the owner’s dominion over his [or her] property to the exclusion of his [or her] rights” (supra, at 169-170; see also, Slank v Dell’s Dodge Corp., 46 AD2d 445, 447; General Elec. Co. v American Export Isbrandtsen Lines, 37 AD2d 959-960). Here, it is undisputed that the N-YHS has always publicly maintained that the collections were gifts and has asserted ownership over the collections.
As noted above, the Elevated Railway Collection and the Subway Collection were transferred from the Board of Trans *36 portation to the N-YHS in 1943 and 1950, respectively. Thus, the N-YHS had allegedly been in unlawful possession of the Elevated Railway Collection since 1943 and the Subway Collection since 1950. Consequently, any cause of action to recover possession of the Elevated Railway Collection accrued in 1943 and any cause of action to recover possession of the Subway Collection accrued in 1950. In 1943 and 1950 the Statute of Limitations for actions to recover chattels was six years pursuant to Civil Practice Act § 48 (4). The six-year limitations period, therefore, expired in 1949 with respect to the Elevated Railway Collection and in 1956 with respect to the Subway Collection. Since plaintiffs did not commence this action until 1993, their claims to recover possession of the Elevated Railway Collection and the Subway Collection are time barred.
The Fifth Avenue Coach Collection was transferred to the N-YHS in 1981. Thus, since plaintiffs’ cause of action accrued in 1981 by the alleged wrongful transfer of this collection, and since, pursuant to CPLR 214 (3), the Statute of Limitations for an action to recover a chattel is three years, plaintiffs’ claim to recover this collection is also time barred.
Plaintiffs’ contention that there is no Statute of Limitations applicable to their claims because they are acting on behalf of the State to recover the collections is devoid of merit. CPLR 201 expressly provides that the periods of limitations prescribed in CPLR article 2 apply to all actions, "including one[s] brought in the name or for the benefit of the state.” Thus, this statute waives sovereign immunity on the part of the State with respect to the Statute of Limitations (see, Baur v Amrhein, 138 Misc 2d 926, 930; City of Buffalo v Watkins, 102 Misc 2d 17, 18; McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C201:l, at 59) and subjects the State to the periods of limitations set forth in CPLR article 2, which includes CPLR 214 (3), the statute applicable to actions for recovery of chattels. Moreover, this is not a case where the State is exercising its uniquely sovereign powers. Rather, plaintiffs are asserting ordinary property rights in an action based upon CPLR article 71.
Accordingly, plaintiffs’ motion for summary judgment is denied, and defendant N-YHS’s cross motion for summary judgment dismissing plaintiffs’ complaint is granted.