■ STATE OF NEW YORK, Appellant, v SEVENTH REGIMENT FUND, INC., Respondent. [725 NYS2d 324] —Order, Supreme

Court, New York County (Leland DeGrasse, J.), entered April 13, 2000, granting defendant's motion for summary judgment dismissing the complaint as time-barred, unanimously affirmed, without costs.

In light of plaintiff's allegations that the 1952 transfer of valuable inter vivos gifts received by the Seventh Regiment to defendant was unauthorized and unlawful, the IAS court correctly determined that plaintiff State's cause of action accrued at the time of the transfer (*see, Solomon R. Guggenheim Found. v Lubell*, 77 NY2d 311, 317-318; *see also, New York City Tr. Auth. v New-York Historical Socy.*, 167 Misc 2d 31). Accordingly, the applicable statute of limitations is that found in Civil Practice Act § 1226, the governing enactment prior to the advent of the CPLR in 1963, which required that an action to recover for spoliation of public property be commenced within 10 years of accrual. Since plaintiff's causes alleging spoliation of public property accrued in 1952, at the time of the alleged unlawful transfer, the limitation period expired in 1962, long before the commencement of this action in 1996.

There is no merit to the State's contention that, in seeking to recover the property at issue, it is acting in its sovereign capacity, and is therefore not subject to any statute of limitations. Sovereign immunity has been waived by the State with respect to the presently applicable statute of limitations (*see,* Civil Practice Act §§ 54, 1226; *New York City Tr. Auth., supra*).

We have reviewed plaintiff's remaining contentions and find them unavailing. Concur—Nardelli, J. P., Mazzarelli, Wallach, Lerner and Friedman, JJ.