THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* CITY OF YONKERS, Defendant.

Supreme Court, Special Term, Westchester County, October 7, 1941.

*John J. Bennett, Jr., Attorney-General* [*Hugh Reilly* and *Leo G. Hosenfeld* of counsel], for the plaintiff.

*Leonard G. McAneny, Corporation Counsel,* for the defendant.

ALDRICH, J. This action was commenced by the People to recover the amount of certain fines received by the city of Yonkers and claimed by the People of the State of New York. The plaintiff now moves for a partial summary judgment. The complaint lists ten different classes of such fines, numbered in the complaint (a) to (j), inclusive. Subdivision (a) of the complaint relates to fines therein alleged to have been imposed for violations of article 11 of the Highway Law and articles 3, 4 and 5 of the Vehicle and Traffic Law, amounting to a total sum of twelve dollars and covering the period from June 10, 1927, to October 15, 1930. As the court understands it, the corporation counsel concedes that the informations in these particular cases were for a violation of the State statutes. Under such circumstances the State is entitled to the money. Judgment for such sum in favor of the plaintiff will be directed accordingly. Subdivisions (c) to (j), inclusive, set forth in the complaint, need not be particularly considered because upon the argument and in the brief the Assistant Attorney-General expressly abandoned any claim by the People to such fines. Accordingly, the complaint will be dismissed with respect to those items. This leaves for consideration the fines referred to in subdivision (b) of the complaint, amounting to the sum of $5,285. With reference thereto the complaint alleges that such fines were collected for violations of subdivision 1 of section 14 of the General Highway Traffic Law. Made a part of the complaint is a Schedule " B " which sets forth in detail the dates, names and amounts in question. That schedule charges that the fines were collected for violations of subdivision 1 of section 14 of the General Highway Traffic Law. The dates indicated are from July 7, 1924, to February 18, 1928, and the listed items aggregate the sum of $5,285 sued for. The answer of the city admits that during the period from July 7, 1924, to February 18, 1928, and on various dates or days within such period, the said City Court of the City of Yonkers imposed and collected fines in aggregate amount of $5,285 for acts charged and alleged to have been violations of subdivision 1 of section 14 of the General Highway Traffic Law and not alleged to have been

acts in violation of any other acts, laws, statutes or ordinances. The answer further concedes the receipt of the money and its retention by the defendant. As a defense, among other things, the defendant alleges that the violations were each and all violations of the provisions of the then existing ordinances of the city of Yonkers and that had the said violations been in fact charged as violations of the said ordinances, the city would have been entitled to collect and receive for its own use all of said money. The People concede, for the purposes of the motion, that the acts charged to have been committed in the various informations with reference to the items included in subdivision (b) were in fact such as would have constituted violations of the ordinances of the city had they been so charged. Without quoting the various statutes which led up to this interesting litigation, it is sufficient to say that both parties agree that the provisions of the General Highway Traffic Law under which the informations in question were laid had been prior thereto in 1924 repealed by implication by certain superseding provisions of the Highway Law. The position of the city appears to be that had the informations charged a violation of the Highway Law, then the fines levied upon the convictions would have belonged to the People and not to the city but an erroneous reference having been made by the informations to a repealed statute, the informations are to be considered as not laid under any particular law, that the facts charged constituted a violation both of the Highway Law and of the city ordinances and that they should be considered as charging violations of the city ordinances, which fines in the city of Yonkers would belong to the city. The People argue that it was the intention to charge the violation of the State statute, to wit, the Highway Law, that the erroneous reference to the General Highway Traffic Law may be disregarded as surplusage and that the informations were not sufficient in any event as charges of violation of any city ordinance because no such ordinance was therein referred to or thereby charged to have been violated. In a prosecution for the violation of a city ordinance the particular ordinance violated should be specifically pleaded and proved. (*People* v. *Miller*, 38 Hun, 82; *People ex rel. Lynch* v. *Justices*, 12 id. 65; *People* v. *Widder*, 181 App. Div. 885.) The erroneous reference to the General Highway Traffic Law instead of the Highway Law did not invalidate the informations charging the violation of a State statute. In other words, we have here certain fines collected upon convictions under informations good as charging the violation of a State statute but which were not valid as charges of the violation of city ordinances. Under such circumstances, it seems clear that the

State is entitled to the money. The provision contained in the Highway Law with reference to the payment of fines to the State was intended to be of general application. The exception was made for fines collected for the violation of city ordinances. To bring itself within the exception the city must clearly establish that the informations, in fact, charged the violation of the city ordinances. Such charge being absent in these instances, the general rule is to be applied.

Some reference is also made by the city to the provisions of the so-called Supplemental Charter of the city of Yonkers adopted by the Legislature. The suggestion is made that the acts in question also constituted a violation of such supplemental charter, by the provisions of which fines assessed for the violation thereof belong to the city. So far as this act conflicted with the amendments to the Highway Law in 1924 it was superseded thereby. The reservation from the repealed provisions applied only to the fines collected for the violation of city ordinances.

The city also contends that there is an issue of fact with respect to the presentation of a claim under section 244 of the Second Class Cities Law. That section was never intended to apply to a claim of the State for moneys improperly withheld as established by the present record.

Summary judgment will, therefore, be directed in favor of the plaintiff for the sum of $5,285, covered by subdivision (b) of the complaint.

In the two instances for which judgment is directed as indicated, the plaintiff is entitled to interest to be computed at the rate of six per centum per annum from the time when the moneys were due and payable to the State to the 1st day of July, 1939, and thereafter at the rate of four per centum per annum in accordance with section 3-a of the General Municipal Law.

Settle order on two days' notice.