George Boldman, J.
This is a motion by the defendants Waverly Central School District and Rev. Vincent Cooper, made pursuant to CPLR 3211 (subd. [a], par. 5), for an order and judgment dismissing the complaint upon the ground that the action may not be maintained because of the failure of the plaintiff, State of New York, to present, serve, or file a notice of claim upon the defendants as required by section 50-e of the General Municipal Law of the State of New York and section 3813 of the Education Law of the State of New York.
It appears from the pleadings submitted to the court that the plaintiff’s action is founded upon tort, and plaintiff contends that the affirmative defense of failure to serve a notice of claim as required by section 50-e of the General Municipal Law and *844 'section 3813 of the Education Law set up by the defendants in their answer and instant motion is not binding upon the State of New York. To support this position plaintiff cites Denton v. State of New York (72 App. Div. 248); People v. City of Schenectady (186 Misc. 385); People v. City of Yonkers (177 Misc. 406, affd. 267 App. Div. 959, affd. 293 N. Y. 880.) and section 115 of McKinney’s Statutes (McKinney’s Cons. Laws of N. Y., Book 1, Statutes).
In Denton {supra), the court decided that rights granted the public to use the Black River by a State statute enacted in 1853 were subordinate to rights acquired by the State under a statute enacted in 1836. People v. City of Schenectady {supra), insofar as it is here pertinent, recognized the rule of statutory construction that ‘ ‘ a statute does not apply to the state, where its sovereign rights, prerogatives, or interests are involved, unless it is specifically mentioned therein or excluded by necessary implication ” (citing McKinney’s Cons. Laws of N. Y., Book 1, Statutes [1942 ed.] 115). The Schenectady case dealt with an emergency situation, namely a water shortage, and is distinguishable from the instant case. People v. City of Yonkers {supra), involved a situation where the State sought to recover traffic fines which had been received and improperly withheld by the city, and it does not appear that the action was founded in tort as contended by the plaintiff.
Section 115 of McKinney’s Statutes is cited by the plaintiff in its opposing affiavit, and is also cited, as previously noted, in People v. Schenectady and is entitled to great consideration in the disposal of this motion. However, it is to be remembered that the section is not statutory law, but merely a commentary on statutory construction.
CPLR 201 specifically states that the State, when commencing an action, is bound by the limitation periods mentioned in the CPLR and by any different limitation period prescribed by law.
The language of CPLR 201 is in part as follows: ‘ ‘ An action, including one brought in the name or for the benéfit of the state, must be commenced within the time specified by this article unless a different time is prescribed by law ”.
In the language of section 115, therefore, the State “ is specifically mentioned ” in CPLR 201, as stated, and the State is accordingly “ included by necessary implication ” within the meaning and requirements of the General Municipal Law and the Education Law providing for the giving of the notice of claim within the period referred to therein.
Accordingly, the limitation periods set out in the General Municipal Law and the Education Law are binding upon the *845 State of New York by reason and because of the language contained and set forth in the CPLR 201, as hereinabove referred to. In this ruling sections 50-e and 50-i of the General Municipal Law and section 3813 of the Education Law are considered as Statutes of Limitation and it is held that the State, as all other plaintiffs, is subject to all of the time limitations as contained in the CPLR ‘‘ unless a different time is prescribed by law.” In this case there is a different time prescribed by law, and that time is 90 days as prescribed in the above-mentioned sections. CPLR 201 incorporates by reference all other State statutes which provide for a different time limitation, and this necessarily includes sections 50-e and 50-i of the General Municipal Law and section 3813 of the Education Law.
The Practice Commentary to CPLR 201 on pages 39 and 40 of McKinney’s Consolidated Laws of New York states: “ Unfortunately, no attempt has been made in the CPLR to collect in this article all the statutes of limitations presently scattered throughout the Consolidated Laws, various municipal charters and administrative codes. Rather, the Revisers have continued the CPA approach of subordinating the Practice Act to the inconsistent periods of limitations found elsewhere.”
From the above it therefore seems clear that the Legislature intended that CPLR 201, which includes the State in its requirements, be subordinated to other limitation periods in the Consolidated Laws, including those here under discussion. Since the State is bound by the time limitations as set out in the General Municipal Law and the Education Law, it is now precluded from maintaining this action against the defendants herein.
Motion granted.