OPINION OF THE COURT
William L. Underwood, Jr., J.
The novel issue presented in this action is whether or not *927 the Statute of Limitations should be held to apply to the Suffolk County Department of Social Services. If the statute applies and it has expired, the Department will be unable to seek reimbursement for the public money that it expended for the support of a recipient of public assistance.
Plaintiff brings this action to cancel and discharge a certain mortgage (RPAPL art 15) upon the ground that payment of the mortgage is barred by the Statute of Limitations and now moves for summary judgment.
BACKGROUND
The facts culled from the verified petition (the parties have agreed to convert the proceeding to an action [see, CPLR 103 (b); RPAPL 1501]) reveal that on or about July 24, 1972, Patricia Sydnor, who was receiving public assistance, executed a bond and mortgage to the Suffolk County Department of Social Services for the subject premises and it was duly recorded in the office of the Clerk of Suffolk County on August 2, 1972 (Liber 6435 of Mortgages, at 280). Social Services Law § 106 (1) permits the Commissioner of the Suffolk County Department of Social Services to accept a mortgage on real property "on behalf of the public welfare district for the assistance and care of a person at public expense” (see also, 18 NYCRR 352.27; 63A [rev] NY Jur, Welfare and Social Security Laws, § 404 et seq.).
The mortgage states, in pertinent part, "payment will not be demanded or enforced until * * * the Mortgagor * * * ceases to occupy the premises herein”. Plaintiff states that "the Mortgagor, Patricia Sydnor, was divested of title, prior to 1976 and at that time the rights of [defendant] to demand payment became complete according to the terms of the Mortgage”. Defendant candidly states that her "records indicate that Sydnor ceased to occupy the subject premises some unknown time prior to March, 1976”. Then, there is a gap of four years which is unexplained by both sides.
On December 17, 1980, the Veterans’ Administration (apparently it became the owner of the subject premises) entered into an installment contract with Mildred Lawrence for her to purchase the premises. Thereafter, on January 10, 1986, Mildred Lawrence took title and she received a deed from the Veterans’ Administration that was recorded on February 5, 1986 (Liber 9973 of Mortgages, at 187).
Finally, Mildred Lawrence conveyed the premises to plain *928 tiff by deed dated March 6, 1987, which is in the process of being recorded.
I
Defendant states that Social Services Law § 106 permits her to accept a mortgage on real property and "the purpose of this section is to enable the Commissioner to seek reimbursement of public moneys expended for the support of welfare recipients. Accordingly, it would be against public policy to deprive the taxpayers of the County of Suffolk and the State of New York of the right to be reimbursed in this fashion”.
Defendant cites the laudatory language contained in Matter of Commissioner of Welfare of City of N. Y. v Jones (73 Misc 2d 1014, 1016-1017) that the "recognized public policy of preserving and protecting revenues meant to be expended for the benefit of the public [made] the sovereign * * * exempt from the operation of Statutes of Limitation at common law and remains exempt to this day in the absence of statutory authority.” Defendant reasons that "therefore, since Social Services Law sec 106 does not specifically provide for a statute of limitations regarding the foreclosure of the mortgages which it authorizes, it would be against public policy to impose the statute of limitations contained in CPLR 213 (4) in regard to them” (see also, McKinney’s Cons Laws of NY, Book 1, Statutes § 115).
Defendant also presents an alternative argument. CPLR 213 (4) provides for a six-year Statute of Limitations in which to commence an action upon a bond or mortgage on real property and CPLR 203 (a) states that the time within which an action must be commenced shall be computed from the time the cause of action is accrued to the time the claim is interposed. Therefore, defendant contends that "the cause of action begins to accrue when the Commissioner demands payment, not when the mortgagor ceases to occupy the premises”. And, since the Commissioner never demanded payment "the cause of action to foreclose the subject mortgage has not begun to accrue”.
II
Plaintiff counters and relies on CPLR 206 (a) which states, in pertinent part, that "where a demand is necessary to entitle a person to commence an action, the time within which the action must be commenced shall be computed from the *929 time when the right to make the demand is complete”. Therefore, plaintiff states, "in this particular case, the right to make the demand became complete when the mortgagor ceased to occupy the premises and the defendant concedes that the mortgagor ceased to occupy the premises sometime prior to March, 1976”.
III
The Jones case (73 Misc 2d 1014, supra) cited by defendant does not support her position. First, that case was a paternity proceeding and the court held that Family Court Act § 517 which authorized the Commissioner of Social Services to bring a paternity proceeding within 10 years after birth of a child if the child is receiving social services and only authorized the mother to bring such a proceeding within two years of birth was constitutional and did not deny the putative father equal protection of the laws. The court found desired public interest and basis for the 10-year Statute of Limitations as applied to the Commissioner of Social Services. Several other cases have also rejected the claim of a denial of equal protection of the laws based on the two different time periods because of the public policy favoring the protection of public funds (Matter of Lydia L v Vidal L, 95 Misc 2d 507; Matter of Jay v Wolfe, 76 Misc 2d 680; Matter of Mores v Feel, 73 Misc 2d 942). Parenthetically, Family Court Act § 517 was amended in 1985 to delete the time periods and it now requires all parties to commence a paternity proceeding before the child’s 21st birthday (L 1985, ch 809, eff Nov. 1, 1985). As previously noted, defendant contends, relying on the general language of the Jones case, that since Social Services Law § 106 permits her to take a mortgage from a person receiving public assistance and the section does not contain a Statute of Limitations to foreclose on the mortgage, public policy favors the protection of "public funds” and there should be no limitation applied to the Commissioner within which to commence an action to recover the "public funds”.
This reasoning is faulty. If the Commissioner was exempt from all Statutes of Limitation, as defendant argues, then there was no need to insert a 10-year time period in Family Court Act former § 517. However, the State Legislature did specifically impose a Statute of Limitations on the Commissioner (see, Family Ct Act present § 517).
Second, the court’s statement that "the sovereign was ex *930 empt from the operation of Statutes of Limitation at common law and remains exempt to this day in the absence of statutory authority” was only dicta to its specific holding. The court, however, did use the phrase, "in the absence of statutory authority” and neither side has followed up on this point. (73 Misc 2d, at 1016-1017, supra.)
IV
CPLR 201 specifically states, "[a]n action, including one brought in the name or for the benefit of the state, must be commenced within the time specified in this article”. A leading commentator has stated, "[bjecause the rights of the people should not be compromised by a slothful official, it is the common-law rule that in an action by the sovereign there is no statute of limitations. This privilege has been waived by this section when the plaintiff is the State of New York” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C201:l, at 57; see also, 1 Weinstein-Korn-Miller, NY Civ Prac ¶ 201.07; 2 Carmody-Wait 2d, NY Prac § 13:27; 35 NY Jur, Limitations and Laches, § 19; see also, City of Buffalo v Maggio, 27 AD2d 635; State of New York v Waverly Cent. School Dist., 53 Misc 2d 843, affd 28 AD2d 628, lv denied 20 NY2d 646; City of Buffalo v Watkins, 102 Misc 2d 17). The defendant is deemed to be an arm of the State (Social Services Law § 61 [2]).
Therefore, since defendant is an arm of the State, it is governed by the Statute of Limitations. CPLR 213 (4) provides that an action upon a bond or note, the payment of which is secured by a mortgage on real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property must be commenced within six years (note also, Social Services Law § 106 [2] [c]). CPLR 206 (a) states that "where a demand is necessary to entitle a person to commence an action, the time within which the action must be commenced shall be computed from the time when the right to make the demand is complete”.
In State of New York v City of Binghamton (72 AD2d 870, 871), the court specifically stated "[t]he Statute of Limitations begins to run when the right to make the demand for payment is complete, and the plaintiff will not be permitted to prolong the Statute of Limitations simply by refusing to make a demand”. Another court has commented, "[otherwise * * * the cause of action could run for an indefinite length of time, *931 something not contemplated in this State’s plan of establishing specific time limits” (City of Buffalo v Maggio, 27 AD2d 635, 636, supra).
CONCLUSION
The mortgage on the subject premises provides that payment will not be demanded or enforced until the mortgagor ceases to occupy the premises. Both sides agree that Patricia Sydnor, the mortgagor, ceased to occupy the premises sometime prior to March 1976. Therefore, defendant had the right, pursuant to the terms of the mortgage, to demand or enforce payment sometime prior to March 1976. Since defendant is bound pursuant to CPLR 201 to the six-year time period in which to bring an in personam action on the bond or note, a foreclosure action with a deficiency judgment or an in rem foreclosure action (CPLR 213 [4]), defendant’s claim is time barred.
Finally, CPLR 201 states that an action brought in "the name or for the benefit of the state, must be commenced within the time specified in this article” and it implies "when the plaintiff is the State of New York” (McLaughlin, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C201:l, at 57). Although, in this case the "State of New York” is a defendant, the court has determined that she cannot enforce her claim on the mortgage if she were a plaintiff because of the Statute of Limitations and, as a consequence, defendant cannot now assert the affirmative defense of "public policy” to defeat plaintiff’s action. Additionally, RPAPL 1501 provides that a plaintiff may bring an action "to compel the determination of any claim adverse to that of the plaintiff which the defendant makes” and the court determines that, under the circumstances presented, defendant has no "claim adverse to that of the plaintiff” (RPAPL 1521).
Plaintiff’s motion for summary judgment in his favor and against defendant (CPLR 3212) is granted.