In the Matter of MARTHA FLOWERS, Appellant, v CESAR A.
PERALES, as Commissioner of the State Department of
Social Services, et al., Respondents.

Second Department, September 12, 1988

**APPEARANCES OF COUNSEL**

*Leonard S. Clark (Douglas Ruff* of counsel), for appellant.

*Robert Abrams, Attorney-General (Elizabeth Bradford* of counsel), for the Commissioner of the State Department of Social Services, respondent.

**OPINION OF THE COURT**

Per Curiam.

The petitioner commenced this proceeding pursuant to CPLR article 78 against the Commissioner of the Nassau County Department of Social Services (hereinafter the local agency) and the Commissioner of the New York State Department of Social Services (hereinafter the State agency) to discharge the local agency's bond and mortgage against her property as well as its claims for reimbursement of public assistance benefits received by the petitioner and her household prior to September 15, 1973, and declaring that certain of the local agency's practices relating to the mortgage and reimbursement claims were contrary to law. Prior to the commencement of this proceeding, the petitioner had requested a hearing before the New York State Commissioner of Social Services to review a notification that the local agency had a lien of $77,809.18 against the petitioner's property. The State Commissioner thereafter determined that the contested notification by the local agency was not an agency determination subject to review. Consequently, the petitioner also sought to review the State Commissioner's decision after fair hearing and a declaration that the State agency had jurisdiction to hear and determine the issue.

Consistent with our power pursuant to CPLR 103 (c), we hereupon convert this proceeding into a declaratory judg-

ment action with the petition deemed the complaint. For the reasons which follow, we make the following declarations: (1) the liens taken pursuant to Social Services Law § 106 are governed by the 10-year Statute of Limitations set forth in Social Services Law § 104, (2) the Nassau County Department of Social Services is entitled to take both a deed and a mortgage as a condition for providing public assistance, (3) the decision of the New York State Department of Social Services not to enforce its interpretation of the applicability of the 10-year Statute of Limitations set forth in Social Services Law § 104 to liens taken under Social Services Law § 106 did not violate the general principle of "single State agency" supervision of the Aid to Families with Dependent Children (hereinafter AFDC) plan as set forth in 42 USC § 602, (4) the lien of the Nassau County Department of Social Services was lawful even to the extent that it included AFDC benefits received by the dependent children of the petitioner, and (5) the petitioner is not entitled to an award of attorneys' fees under 42 USC § 1988 against the Commissioner of the New York State Department of Social Services.

By way of pertinent factual background, the petitioner, Martha Flowers, had, at various times since 1965, received medical assistance and public assistance in the category of AFDC on behalf of herself and her two minor children. At the time of the determination of the Commissioner of the New York State Department of Social Services which is the subject of this proceeding, the petitioner was not a recipient of any form of aid other than medical assistance.

In January 1982, while the petitioner was not receiving public assistance, she became the owner of real property located at 13 Covert Street, Hempstead, New York. When she subsequently became in need of public assistance, the Nassau County Department of Social Services required the petitioner to execute a deed and a bond and mortgage in its favor on the Covert Street property as a condition of providing such assistance. The bond and mortgage dated September 15, 1983, were recorded September 16, 1983. In those documents the petitioner acknowledged her indebtedness to the local agency for the sums which had been and which were to be advanced to her by the local agency on behalf of herself and the relatives for whom she was legally responsible. The petitioner further agreed to pay such sums and, as security for such payment, granted the mortgage on her property.

By letter dated September 4, 1985, the local agency, at the

petitioner's request, sent the petitioner a "Statement of Assistance Granted". In the statement, the local agency set forth the amount of public assistance granted to the petitioner's family from February 1965 through March 18, 1985, and indicated that the amount of the local agency's lien was $77,809.18. There was no demand for payment attached, and the local agency has taken no steps to foreclose on the mortgage.

By letter dated January 3, 1986, the petitioner, through her attorney, disputed the amount claimed by the local agency as its lien, maintaining that Social Services Law § 104 imposed a 10-year Statute of Limitations on the local agency's lien, which was taken pursuant to Social Services Law § 106. Attached to the letter were letters from officials from the State agency which essentially agreed with the position of the petitioner. By letter dated March 13, 1986, the local agency responded to the petitioner, expressing disagreement with her interpretation of the law and declining to revise the amount of the lien.

Shortly thereafter, the petitioner requested a fair hearing before the State Commissioner to review the local agency's notification of September 4, 1985. A hearing was held on April 15, 1986. At the hearing, the petitioner, by her attorney, asserted that the local agency's notification of September 4, 1985, constituted an agency "determination" which was subject to review on the merits. The local agency, however, claimed that the notification was not a final agency determination in that the notice proposed to take no action and that no agency action was contemplated with respect to the lien.

By decision after fair hearing dated May 23, 1986, the State Commissioner held that the local agency notification sought to be contested was not a final agency determination subject to review. The State Commissioner further noted that, if there had been an agency determination to enforce a recovery under a bond and mortgage, such determination would not have been subject to review on the merits by means of a fair hearing as it would not be within the jurisdiction for a fair hearing review as set forth in Social Services Law § 22 and 18 NYCRR part 358.

Thereafter, the petitioner commenced the instant proceeding seeking, *inter alia,* to compel the local agency to discharge both its mortgage against her property and its claims for reimbursement of certain public assistance payments, and

declaring that the local agency's mortgage and claims were contrary to law.

The petitioner contended that: (1) pursuant to Social Services Law § 22 and the regulations thereunder, the State Commissioner's determination that he lacked jurisdiction to review the local agency's September 1985 notification was arbitrary and capricious, (2) pursuant to Social Services Law § 360 (1) the local agency could require only a deed or mortgage and not both, (3) pursuant to Social Services Law § 101 the local agency could not claim a lien for reimbursement of assistance granted to the petitioner's minor children, (4) pursuant to Social Services Law § 104 (1), the local agency could not claim a lien for reimbursement of assistance payments made more than 10 years earlier than the date of the lien, (5) the State Commissioner's determination violated the "single State agency" provisions of 42 USC § 602, and (6) by virtue of all the foregoing the respondents had deprived the petitioner of due process of law.

The State Commissioner, representing the State agency, filed an answer together with objections in point of law contending that the decision after fair hearing was supported by substantial evidence, that the petitioner's claims were premature, that it was appropriate for the local agency to seek reimbursement of payments made to the petitioner's minor children and that she had waived her right to claim otherwise, that the State Commissioner had not violated any constitutional or Federal statutory right of the petitioner and was, therefore, not liable for attorneys' fees, and that the petition failed to state a claim upon which relief could be granted. The State Commissioner further contended that there were valid differences of opinion as to whether the 10-year Statute of Limitations applies to the enforcement of liens on real property and that since the local agency was procedurally the correct party to defend its lien, it was the responsibility of the local agency to defend its position that the 10-year Statute of Limitations did not apply. The State Commissioner stated that the issue should be resolved by the courts, which resolution would then be implemented by the State Commissioner on a State-wide basis.

The local Commissioner, representing the local agency, also filed an answer and memorandum of law which essentially reiterated the contentions of the State Commissioner. The local Commissioner additionally asserted that "[t]here is no Statute of Limitations involving liens pursuant to Social Ser-

vices Law Section 106" and that the local agency may not accept less from recipients of public assistance for discharge of a mortgage than the full cost of public assistance granted.

The Supreme Court, Nassau County (Molloy, J.), by judgment dated March 12, 1987, held that the State Commissioner's determination was neither arbitrary nor capricious. The Supreme Court found that the local agency's notice did not constitute final agency action since the statement of assistance issued to the petitioner at her own request "did not propose to enforce the lien against the petitioner's property". The Supreme Court also upheld the State Commissioner's decision that even if there had been a final agency determination to enforce its lien, the State Commissioner was without jurisdiction since the amount of the lien had no connection to the petitioner's current receipt of public assistance benefits or services. Finally, the Supreme Court dismissed the petition as premature, finding that "[t]he Agency has no contemplation to enforce the lien against petitioner's property". This appeal ensued.

■ While we agree that the State Commissioner did not technically have jurisdiction over the petitioner's claim, the petitioner is not without a remedy, which in this case is an action for a declaratory judgment. Contrary to the Supreme Court's holding, the petitioner's claims are not premature, since the enforcement of the mortgage lien against her home is not a future event beyond the control of the parties and may indeed occur. Moreover, the petitioner was and is entitled to redeem the deed on her property by payment of the lien. Clearly, a dispute as to the amount which is due and owing affects the petitioner's current and existing right to redeem the deed and mortgage. Consequently, pursuant to CPLR 103 (c) we convert the proceeding to a declaratory judgment action with the petition deemed the complaint (see, *Matter of Nassau Shores Civic Assn. v Colby,* 118 AD2d 782).

■ Turning to the merits, we note that the courts of this State have repeatedly held that Social Services Law § 104 is the basic provision from which the local agency's right of recovery derives (see, e.g., *Baker v Sterling,* 39 NY2d 397; *Matter of Colon,* 83 Misc 2d 344) and it is because of this that the State Commissioner has taken the position in the past, and continues to take the position, that Social Services Law § 106 liens are governed by the 10-year Statute of Limitations set forth in Social Services Law § 104. It is well-settled that the construction given statutes and regulations by the agency

responsible for their administration, if not irrational or unreasonable, should be upheld (see, Matter of Howard v Wyman, 28 NY2d 434; Matter of Williams v D'Elia, 119 AD2d 678). Here, the State Commissioner's interpretation of the statutes and the accompanying regulations is neither irrational nor unreasonable and, therefore, should be upheld.

■ We find the petitioner's claim that the local agency was required to choose between the taking of a deed *or* a bond and mortgage as a condition for providing assistance, to be without merit. Social Services Law § 360 (1) provides, in pertinent part, as follows: "The ownership of real property by an applicant or applicants, recipient or recipients who is or are legally responsible relatives of the child or children for whose benefit the application is made or the aid is granted, whether such ownership be individual or joint as tenants in common, tenants by the entirety or joint tenants, shall not preclude the granting of aid to dependent children or the continuance thereof if he or they are without the necessary funds to maintain himself or themselves and such child or children. The social services official may, however, require, as a condition to the granting of aid or the continuance thereof, that he be given *a deed of or a mortgage on such property in accordance with the provisions of section one hundred six"* (emphasis added). Social Services Law § 106 (1) provides that: "1. A social services official responsible, by or pursuant to any provision of this chapter, for the administration of assistance or care granted or applied for may accept a *deed of real property and/or a mortgage* thereon on behalf of the public welfare district for the assistance and care of a person at public expense but such property shall not be considered as public property and shall remain on the tax rolls and such deed or mortgage shall be subject to redemption as provided in paragraph (a) of subdivision two hereof" (emphasis added).

While the use of the disjunctive "or" in Social Services Law § 360 is ambiguous, the cross reference in Social Services Law § 106 makes it clear that Social Services Law § 106 was intended to govern the procedures for securing and enforcing liens. Hence, the unambiguous language of Social Services Law § 106 authorizing the local agency to accept a "deed of real property *and/or* a mortgage" (emphasis added) is controlling.

■ The petitioner further claims that the State agency's decision not to force its interpretation of the Statute of Limitations provisions of Social Services Law § 104 on the local

agency violated the general principle of "single State agency" supervision of the AFDC plan as set forth in 42 USC § 602. This claim is also without merit. The Federal statute gives the State agency broad discretion in administering the AFDC program *(see, Shea v Vialpando,* 416 US 251) and we perceive no abuse of discretion in the instant case.

■ The petitioner's claim that the local agency's lien was unlawful to the extent that it extended to benefits received by the petitioner's dependent children is likewise devoid of merit. Social Services Law § 104 specifically authorizes the commencement of an action or proceeding for recoupment against a person discovered to have real or personal property if such person or any one for whose support he or she is or was liable received assistance and care during the preceding 10 years *(see, Mendelson v Transport of N. J.,* 113 AD2d 202, *lv denied* 68 NY2d 602).

■ Finally, contrary to the petitioner's contentions, she is not entitled to an award of attorneys' fees against the State Commissioner pursuant to 42 USC § 1988. A discretionary award of attorneys' fees against a State officer is authorized by statute only in instances where the State has violated either a Federal constitutional right of a prevailing party or certain Federal statutory rights *(see,* 42 USC § 1988; *Maine v Thiboutot,* 448 US 1). No such violation has occurred here.

Accordingly, upon the conversion of this proceeding into a declaratory judgment action, we declare: (1) the liens taken pursuant to Social Services Law § 106 are governed by the 10-year Statute of Limitations set forth in Social Services Law § 104, (2) the Nassau County Department of Social Services is entitled to take both a deed and a mortgage as a condition for providing public assistance, (3) the decision of the New York State Department of Social Services not to enforce its interpretation of the applicability of the 10-year Statute of Limitations set forth in Social Services Law § 104 to liens taken under Social Services Law § 106 did not violate the general principle of "single State agency" supervision of the Aid to Families with Dependent Children plan as set forth in 42 USC § 602, (4) the lien of the Nassau County Department of Social Services was lawful even to the extent that it included AFDC benefits received by the dependent children of the petitioner, and (5) the petitioner is not entitled to an award of attorneys' fees under 42 USC § 1988 against the Commissioner of the New York State Department of Social Services.

THOMPSON, J. P., BROWN, WEINSTEIN and RUBIN, JJ., concur.

Ordered that the judgment is modified, on the law, the proceeding is converted into an action for a declaratory judgment *(see,* CPLR 103 [c]), with the petition deemed the complaint, and it is declared: (1) the liens taken pursuant to Social Services Law § 106 are governed by the 10-year Statute of Limitations set forth in Social Services Law § 104 and should be modified accordingly, (2) the Nassau County Department of Social Services is entitled to take both a deed and a mortgage as a condition for providing public assistance, (3) the decision of the New York State Department of Social Services not to enforce its interpretation of the applicability of the 10-year Statute of Limitations set forth in Social Services Law § 104 to liens taken under Social Services Law § 106 did not violate the general principle of "single State agency" supervision of the Aid to Families with Dependent Children (hereinafter AFDC) plan as set forth in 42 USC § 602, (4) the lien of the Nassau County Department of Social Services was lawful even to the extent that it included AFDC benefits received by the dependent children of the petitioner, and (5) the petitioner is not entitled to an award of attorneys' fees under 42 USC § 1988 against the Commissioner of the New York State Department of Social Services; as so modified, the judgment is affirmed, without costs or disbursements.