*502 OPINION OF THE COURT
Harry Richard Brown, J.
This is an action pursuant to RPAPL 1501 (4) to cancel and discharge a mortgage in the amount of $37,308.99 held by defendant on certain real property owned by plaintiff. Defendant has commenced a third-party action to foreclose on that mortgage.
Prior to August 1976, Thomas C. and Joan Monaghan were the owners of the subject premises located at 21 Manhattan Boulevard in Islip Terrace. In 1971, Joan Monaghan, a public assistance recipient, executed a bond and mortgage to the Suffolk County Department of Social Services against these premises to secure repayment of her public assistance grant. Defendant duly recorded the mortgage.
In August 1976, the Monaghans sold the property to a real estate company. In December 1976, the realty company sold the premises to Walter and Paula Hermann who in turn sold it to another realty company. In December 1980, the second realty company sold it to plaintiff, the present owner. Each of the successive owners recorded their deeds.
Plaintiff commenced the instant action pursuant to RPAPL 1501 (4) which provides that "[w]here the * * * applicable statute of limitation for the commencement of an action to foreclose a mortgage '* * * has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons * * * to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff * * * to be free therefrom”.
Plaintiff seeks summary judgment on the basis that any action by defendant to enforce the subject mortgage is time barred. Defendant contends that the Statute of Limitations asserted by plaintiff does not apply to the Suffolk County Department of Social Services.
The mortgage contained the following provision: "That the whole of said principal shall become due if the mortgagor ceases to occupy the property”.
CPLR 213 (4) provides that an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein must be commenced within six years. Accrual of the action occurs when the principal, or any part thereof, or any inter *503 est, becomes due and owing (Ziegler v Elliott Camp Corp., 271 App Div 604). Moreover, CPLR 206 (a) provides that "where a demand is necessary to entitle a person to commence an action, the time within which the action must be commenced shall be computed from the time when the right to make the demand is complete”.
It is undisputed that the Monaghans ceased to occupy the property in August 1976. Therefore, the six-year period of limitations in this action commenced to run in August 1976 when the Monaghans ceased to occupy the mortgaged premises. Defendant’s third-party action or foreclosure commenced on February 9, 1988, approximately 11 Vi years after the cause of action accrued, is time barred.
Defendant’s argument that the six-year Statute of Limitations is not applicable to the defendant by virtue of the doctrine of sovereign immunity is without merit. The Suffolk County Department of Social Services is an arm of the State (Social Services Law §61 [2]). CPLR 201 provides that "An action, including one brought in the name or for the benefit of the state, must be commenced within the time specified in this article unless a different time is prescribed by law or a shorter time is prescribed by written agreement. No court shall extend the time limited by law for the commencement of an action.” RPAPL 1541 states in pertinent part: "An action may be maintained, as prescribed in this article * * * by or against the people of the state of New York”.
Under the common law, in any action by the sovereign, there was no Statute of Limitations. However, this privilege has been waived by CPLR 201 when the plaintiff is the State of New York (see, Baur v Amrhein, 138 Misc 2d 926 [Sup Ct, Suffolk County]). Moreover, by virtue of RPAPL 1541 the State of New York consents to be sued as if it were a natural person and thus has made a specific waiver of sovereign immunity. There has been no showing that the Department of Social Services’ action to foreclose is subject to any other Statute of Limitations than that which is prescribed by CPLR 213 (4).
Defendant’s alternative argument is that even if the six-year statute did apply, the time period did not begin to run until the Department of Social Services made a demand for payment of the mortgage, or within a reasonable time. The Statute of Limitations begins to run when the right to make the demand for payment is complete, and the claimant will *504 not be permitted to prolong the Statute of Limitations simply by refusing to make a demand (State of New York v City of Binghamton, 72 AD2d 870). Defendant’s right to make a demand for payment was complete on the day the Monaghans ceased to occupy the premises in August 1976.
In addition, the court finds that there is no violation of public policy in applying the Statute of Limitations prescribed by CPLR 213 (4) for actions commenced by the Department of Social Services to foreclose mortgages given by public assistance recipients on their real property to secure repayment of public assistance grants (see, Baur v Amrhein, 138 Misc 2d 926, supra).
In sum, defendant’s third-party action to foreclose is time barred. Therefore, plaintiff is entitled to judgment in its favor in its action under RPAPL 1501 (4).
Accordingly, plaintiff’s motion for summary judgment is granted and defendant’s cross motion for summary judgment is denied.