■ In the Matter of CATHERINE WEISMAN, Appellant, v ALICE AMRHEIN, as Commissioner of the Suffolk County Department of Social Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Commissioner of the New York State Department of Social Services, dated March 17, 1987, which determined that the contested notification of the respondent Commissioner of the Suffolk County Department of Social Services was not an agency determination subject to review, the petitioner appeals from so much of a judgment of the Supreme Court, Suffolk County (D'Amaro, J.), dated March 24, 1988, as dismissed the proceeding.

Ordered that the judgment is modified, on the law, by deleting the fifth and sixth decretal paragraphs thereof; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, the proceeding is converted into an action for a declaratory judgment (see, CPLR 103 [c]), with the petition deemed the complaint, it is declared that the petitioner is entitled to a satisfaction and discharge of the bond and mortgage held by the respondent Commissioner of the Suffolk County Department of Social Services on the petitioner's real property to the extent that it exceeds the latter's lien for payments of Aid to Families with Dependent Children during 1986, and the matter is remitted to the Supreme Court, Suffolk County, for a hearing to determine the amount of the lien.

The respondent Commissioner of the New York State Department of Social Services correctly concluded that he was without jurisdiction to review the challenged determination of the respondent Commissioner of the Suffolk County Department of Social Services (the local agency) as to the amount and validity of the lien the local agency had placed upon the

petitioner's real property as a condition for the receipt of public assistance (see, Social Services Law § 22; 18 NYCRR 358-3.1 [a] [18 NYCRR former 358.4 (a)]; *Matter of Flowers v Perales,* 140 AD2d 136). However, pursuant to CPLR 103 (c), we convert the proceeding to a declaratory judgment action with the petition deemed the complaint (see, *Matter of Flowers v Perales, supra*).

As to the merits we find that under the circumstances of this case, the petitioner is entitled to a discharge of the lien to the extent it purports to represent public assistance paid to the petitioner under the Aid to Families with Dependent Children (hereinafter AFDC) Program during 1986. The right of the local agency to require execution of a deed or mortgage on real property as a prerequisite for public assistance is not applicable in cases of temporary need (see, Social Services Law §§ 104, 106; 18 NYCRR 352.23 [d]). The petitioner's case was opened on May 23, 1986, and closed on August 13, 1986, and we find nothing in the record to conclusively establish that the assistance provided was not "temporary" within the meaning of 18 NYCRR 352.23 (d). However, because the same cannot be said for the AFDC assistance petitioner received in 1982 through 1983, we find valid that portion of the lien which covers those payments (see, Social Services Law §§ 104, 106).

We have examined the parties' remaining contentions and find them to be without merit. Kunzeman, J. P., Eiber, Sullivan and Balletta, JJ., concur.