■ In the Matter of CYNTHIA JILES, Petitioner, v DOBY FLOWERS et al., Respondents.—Proceeding pursuant to CPLR article 78, *inter alia*, to review so much of a determination of the respondent New York State Commissioner of Social Services, dated October 19, 1989, as, after a statutory fair hearing, affirmed a determination of the local agency disqualifying the petitioner from receiving public assistance for 90 days because she failed to report to scheduled Community Work Experience Program interviews.

Adjudged that the determination is confirmed and the proceeding is dismissed on the merits, without costs or disbursements.

The respondent Commissioner of the New York State Department of Social Services sent the petitioner a Notice of Intent to Reduce Public Assistance on the ground that she had failed to report to scheduled Community Work Experience Program interviews. The sanction, which consisted of a 90-day discontinuance of the petitioner's Aid to Dependent Children funds, was to begin on January 6, 1989. On September 27, 1989, the petitioner requested a statutory fair hearing to challenge both the initial determination to sanction her and the agency's failure to restore her Aid to Dependent Children funds at the end of the 90-day sanction period. After the fair hearing, the Commissioner of Social Services determined, *inter alia*, that the petitioner had failed to request a fair hearing within 60 days after January 6, 1989, and therefore declined to review the initial determination which imposed a 90-day sanction. We find that the record supports this determination. It is well settled that the construction given statutes and

regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld *(see, Matter of Howard v Wyman,* 28 NY2d 434; *Matter of Flowers v Perales,* 140 AD2d 136, 142). We further note that the Notice of Intent to Reduce Public Assistance conforms with the regulations under 18 NYCRR part 358 as it existed prior to its revision effective January 1989.

We have reviewed the petitioner's remaining contentions and find them to be without merit. Bracken, J. P., Eiber, O'Brien and Pizzuto, JJ., concur.