■ WILLIAM GOWER et al., Respondents, v NOAH WEINBERG, as Commissioner of the Department of Social Services of Rockland County, et al., Appellants.—Mercure, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Lefkowitz, J.), entered May 7, 1991 in Rockland County, which granted plaintiffs' motion for summary judgment.

By bond and mortgage dated June 30, 1975 and recorded in the County Clerk's office on July 1, 1975, Margo Rodriguez, then a recipient of Aid to Families of Dependent Children, mortgaged real property in the Town of Clarkstown, Rockland County, to defendant Commissioner of Social Services of Rockland County. The bond and mortgage provided for payment of the secured indebtedness "on demand" and, further, that "the whole of [the] principal sum shall become due if [Rodriguez] cease[s] to occupy the [mortgaged] property". Rodriguez conveyed the mortgaged property to plaintiffs in December 1982. In May 1989, plaintiffs commenced this action pursuant to RPAPL 1501 (4) to cancel and discharge the mortgage of record upon the ground that the Statute of Limitations had expired. Alleging that the bond and mortgage became due and payable on December 3, 1982, when Rodriguez ceased to occupy the premises, and that the Commissioner did not bring an action on the mortgage within six years thereafter *(see,* CPLR 213 [4]), plaintiffs moved for summary judgment. Supreme Court granted the motion and entered judgment in favor of plaintiffs. Defendants appeal.

There should be an affirmance. Initially, we agree with plaintiffs that *Matter of Flowers v Perales* (140 AD2d 136) does not control this action. In *Flowers,* the Second Department was concerned with the retroactive application of a mortgage given to a social services official pursuant to Social Services Law § 106 and, specifically, whether such a mortgage secured the agency's claim for reimbursement of public assistance benefits provided more than 10 years prior to its date. Finding for the recipient, the Second Department held that the 10-year Statute of Limitations of Social Services Law § 104 (1) applied and limited the agency's lien to benefits provided

within 10 years prior to the date of the mortgage *(supra,* at 142). In contrast, our inquiry concerns the prospective validity of the lien, or, more correctly, the right to enforce it following maturity of the underlying obligation.

Clearly, the action is governed by the six-year Statute of Limitations of CPLR 213 (4), applicable to "an action upon a bond or note, the payment of which is secured by a mortgage upon real property, or upon a bond or note and mortgage so secured, or upon a mortgage of real property, or any interest therein" *(see, Saliani v Amrhein,* 141 Misc 2d 501, 502-503; *Baur v Amrhein,* 138 Misc 2d 926, 930-931). Further, we reject the contention that the limitations period did not begin to run until the Commissioner received actual notice of the fact that Rodriguez had vacated the premises. The general rule in New York is that the Statute of Limitations commences to run when the cause of action accrues, even though the plaintiff is unaware that he or she has a cause of action *(see,* CPLR 203 [a]; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C203:1, at 140). To the extent that the instrument may be interpreted as requiring payment upon demand, CPLR 206 (a) provides that "the time within which the action must be commenced shall be computed from the time when the right to make the demand is complete" *(see, Saliani v Amrhein, supra,* at 503-504; *Baur v Amrhein, supra,* at 930-931; *cf.,* CPLR 206 [a] [1]).

We have considered defendants' remaining contentions and find them to lack merit. Weiss, P. J., Mikoll and Levine, JJ., concur. Ordered that the judgment is affirmed, with costs.