■ In the Matter of ELLEN WERTHEIM et al., Respondents, v ALBERTSON WATER DISTRICT et al., Appellants. [616 NYS2d 778] —In a proceeding pursuant to CPLR article 78 to review a determination of the appellants dated March 31, 1993, which issued a negative declaration pursuant to the New York State Environmental Quality Review Act with reference to an air-stripping project, the appeal is from an order and judgment (one paper) of the Supreme Court, Nassau County (Roncallo, J.), dated May 25, 1994, which denied the appellants' cross

motion to dismiss the petition as time-barred, annulled the appellants' determination on the grounds that it was arbitrary and capricious, and unsupported by substantial evidence, and ordered the appellants to restore the area to its "pre-litigation condition".

Ordered that the order and judgment is reversed, on the law, with costs, the cross motion to dismiss the petition as time-barred is granted, and the proceeding is dismissed.

This CPLR article 78 proceeding was brought by the petitioners challenging, as violative of the New York State Environmental Quality Review Act (hereinafter SEQRA), a capital improvement project undertaken by the appellants to enable the appellant water district to meet Department of Health standards for the removal of certain volatile organic contaminants from the district's water supply.

On this record, the Statute of Limitations began to run when the short form environmental assessment form (hereinafter EAF) containing the negative declaration was approved and filed on March 31, 1993. This constituted the final act by the District under SEQRA. This CPLR article 78 proceeding was commenced more than 11 months after the challenged conduct was completed, and is time-barred (see, Matter of Casement v Town of Poughkeepsie, 162 AD2d 685).

In any event, "[J]udicial review of a lead agency's SEQRA determination is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination 'was affected by an error of law or was arbitrary and capricious or an abuse of discretion' " (Akpan v Koch, 75 NY2d 561, 570).

Here, we find that the appellants reasonably exercised their discretion in issuing a negative declaration that the proposed air-stripping project would have no significant effect on the environment, thus obviating the need for an environmental impact statement (see, ECL 8-0109 [2]). The record amply demonstrates that the appellants "identified the relevant areas of environmental concern, took a 'hard look' at them, and made a 'reasoned elaboration' of the basis for their determination" (Chinese Staff & Workers Assn. v City of New York, 68 NY2d 359, 363-364, quoting from H.O.M.E.S. v New York State Urban Dev. Corp., 69 AD2d 222, 232). In this regard, the Board's negative declaration was rendered only after it had prepared an EAF (see, 6 NYCRR 617.21), and retained a consultant engineering firm to review, in detail, the relevant areas of environmental concern raised by the petitioners,

including air quality, noise levels, and aesthetic appearances. The studies and documentation supporting the EAF, prepared by the consulting firm retained by the appellants, established that the release of airborne contaminants from the project would be below the applicable ambient guidelines established by the Department of Environmental Conservation, and that noise from its operation would be negligible. Moreover, the documentation described, in detail, the measures incorporated into the project to enhance its aesthetic appearance, including an architectural design which would conform to existing structures in the area.

Contrary to the finding of the Supreme Court, the proposed air stripper which will act as a water filtration system for the district's customers will not "use" in excess of 2,000,000 gallons of water per day within the intendment of 6 NYCRR 617.12 (b) so as to mandate a Type 1 classification either under 6 NYCRR 617.12 (b) (6) (ii) or 6 NYCRR 617.12 (b) (10). Implementation of a water filtration system designed to purify existing well water does not constitute an "adverse change" in existing ground water quality *(see,* 6 NYCRR 617.11 [a] [1]). Moreover, a Type 1 designation is not mandated, as indicated by the Supreme Court, solely because the project occurs "wholly or partially within or substantially contiguous to any publicly owned or operated parkland, recreation area, or designated open space". Rather, only a project or action "which exceeds 25% of any threshold" listed in 6 NYCRR 617.12 and is so situated requires a Type 1 classification *(see,* 6 NYCRR 617.12 [b] [10]). In fact, the Department of Environmental Conservation itself agreed with the appellants' designation of the project as an "unlisted" action. "It is well settled that the construction given statutes and regulations by the agency responsible for their administration, if not irrational or unreasonable, should be upheld" *(Matter of Jiles v Flowers,* 182 AD2d 762, 762-763).

In this case, the record establishes that the appellants complied with the mandates of SEQRA and that the issuance of the negative declaration was a proper exercise of discretion *(see, Matter of Cohalan v Carey,* 88 AD2d 77).

Accordingly, the petition should be dismissed.

The petitioners' remaining contentions are without merit. Thompson, J. P., Sullivan, Altman and Goldstein, JJ., concur.