■ In the Matter of CATHERINE DRZEWUCKI, Appellant, v NEW YORK STATE DEPARTMENT OF SOCIAL SERVICES et al., Respondents. [639 NYS2d 103]

The petitioner received public assistance benefits from the respondents from August 1970 until February 1986. In May 1971, to secure repayment of the benefits, the respondent Suffolk County Department of Social Services (hereinafter SCDSS), pursuant to Social Services Law § 106, took a mortgage from the petitioner on certain property. The mortgage provided for payment of the secured indebtedness "on demand" and, further, that "the whole of [the] principal sum shall become due if the [petitioner] ceases to occupy the [mortgaged] property". In July 1994, the petitioner sold the subject premises and requested that SCDSS tender a satisfaction of mortgage. SCDSS refused, claiming that the petitioner owed $38,687.86 to satisfy its lien on the premises.

The petitioner then commenced the instant proceeding. The Supreme Court denied the petitioner's requested relief and dismissed the petition. We affirm.

Contrary to the petitioner's contention, SCDSS did have a viable claim for the recovery of public assistance benefits advanced to the petitioner prior to July 14, 1994, the date the petitioner ceased to occupy the subject premises. With respect to enforcing a lien, the 10-year limitations period set forth in Social Services Law § 104 precludes an agency from recovering benefits paid more than 10 years prior to the date of the mortgage *(see, Matter of Flowers v Perales,* 140 AD2d 136, 142-143; *see also, Gower v Weinberg,* 184 AD2d 844). In the case at bar, since the petitioner's mortgage was executed in 1971, and the petitioner began receiving benefits in August 1970, all of SCDSS' payments made prior to the date of the mortgage fall

within the ambit of the 10-year limitations period. Moreover, the petitioner's mortgage, by its very terms, covered all prospective payments made by SCDSS.

Pursuant to the terms of the mortgage, SCDSS' right to demand repayment did not accrue until July 14, 1994, the date the petitioner ceased to occupy the mortgaged premises. Consequently, the six-year Statute of Limitations set forth in CPLR 213 (4) did not bar the SCDSS's claim for reimbursement. We therefore conclude that SCDSS's determination not to issue the petitioner a satisfaction of mortgage was neither arbitrary nor capricious (see, Matter of Pell v Board of Educ., 34 NY2d 222, 230-231). Rosenblatt, J. P., Ritter, Copertino and Goldstein, JJ., concur.