■ In the Matter of BARBARA CORCORAN, Appellant, v NEW YORK STATE DEPARTMENT OF ENVIRONMENTAL CONSERVATION et al., Respondents. [650 NYS2d 34] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Department of Environmental Conservation, dated July 13, 1995, granting a tidal wetlands permit to Robert A. Parsons, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Mullen, J.), dated February

15, 1996, which denied the petition and dismissed the proceeding.

Ordered that the judgment is affirmed, with costs.

Robert A. Parsons has owned a vacation home in the Fair Harbor community of Fire Island since 1967. In 1993, the home was destroyed by a storm and Parsons applied to the respondent, the New York State Department of Environmental Conservation (hereinafter the DEC), for a tidal wetlands permit to reconstruct it. The DEC granted the application. The petitioner, whose property adjoins Parsons' property, commenced the instant proceeding challenging the determination of the DEC. The Supreme Court dismissed the proceeding. We affirm.

The petitioner contends that the DEC improperly issued a negative declaration under SEQRA with respect to Parsons' proposed reconstruction. We disagree. Contrary to the petitioner's assertion, Parsons' project was not a Type I action (see, 6 NYCRR 617.5 [c] [2] [former 617.13 (d) (1)]; 6 NYCRR 617.3 [f] [former 617.3 (j)]). Moreover, in its review of the project as an unlisted action, the DEC identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis of its determination (see, Matter of Wertheim v Albertson Water Dist., 207 AD2d 896; see also, Chinese Staff & Workers Assn. v City of New York, 68 NY2d 359, 363-364; Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417). We note, in this regard, that it is uncontroverted that Parsons' parcel does not lie within an officially designated coastal erosion hazard area (see, ECL 34-0104). Nor has the petitioner established that the issuance of the permit conflicted with the regulations promulgated under the Tidal Wetlands Act (see, 6 NYCRR 661.4 [b] [1] [i]; 661.6 [a] [1], [2]). Under these circumstances, the Supreme Court properly dismissed the proceeding (see, Akpan v Koch, 75 NY2d 561, 570).

The petitioner's remaining contentions are without merit (see, 6 NYCRR 621.7 [e]; 621.4 [k] [2]; cf., Matter of Merson v McNally, 227 AD2d 487). Rosenblatt, J. P., O'Brien, Ritter and Friedmann, JJ., concur.