# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**240**

**CA 14-01773**

PRESENT: WHALEN, P.J., SMITH, CARNI, NEMOYER, AND CURRAN, JJ.

---

WENDOVER FINANCIAL SERVICES, PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

JO-ANN RIDGEWAY, AS EXECUTRIX AND BENEFICIARY
UNDER THE LAST WILL AND TESTAMENT OF AMELIA
DONVITO, ALSO KNOWN AS AMELIA C. DONVITO, DECEASED,
DEFENDANT-RESPONDENT,
ET AL., DEFENDANTS.

---

ROSICKI, ROSICKI & ASSOCIATES, P.C., PLAINVIEW (EDWARD RUGINO OF
COUNSEL), FOR PLAINTIFF-APPELLANT.

SCACCIA LAW FIRM, SYRACUSE (DANTE M. SCACCIA OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (James P. Murphy, J.), entered June 23, 2014. The order granted the motion of defendant-respondent to dismiss the complaint against her.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to foreclose a reverse mortgage executed by decedent in 1999. "Reverse mortgages are designed to allow elderly homeowners to borrow money against the accumulated equity in their homes and, unlike traditional mortgages, 'the borrower in a reverse mortgage receives periodic payments (or a lump sum) and need not repay the outstanding loan balance until certain triggering events occur' . . . The triggering event generally involves the death of the borrower or the sale of the home" (*OneWest Bank, FSB v Smith*, 135 AD3d 1063, 1063). Here, the triggering event was the death of decedent on May 12, 2006. In a prior, related appeal, we concluded that a prior foreclosure action that plaintiff commenced against decedent was a nullity because " 'the dead cannot be sued' " (*Wendover Fin. Servs. v Ridgeway*, 93 AD3d 1156, 1157). We also concluded that the caption could not properly be amended pursuant to CPLR 305 (c) to substitute decedent's estate for decedent because decedent was never a party to the action (*id.*). Plaintiff thereafter commenced the instant action on December 10, 2013.

Contrary to plaintiff's contention, Supreme Court properly granted the motion of defendant-respondent (defendant) pursuant to CPLR 3211 (a) (5) and dismissed the complaint against her as barred by

the six-year statute of limitations (*see* CPLR 213 [4]).  "[D]efendant had 'the initial burden of establishing prima facie that the time in which to sue ha[d] expired' . . . , and thus was required 'to establish . . . when the plaintiff's cause of action accrued' " (*Larkin v Rochester Hous. Auth.*, 81 AD3d 1354, 1355).  Defendant established that, pursuant to the mortgage agreement, "the principal sum and interest shall become due upon," inter alia, the death of the mortgagor, i.e., decedent, which occurred on May 12, 2006, and that defendant received a notice of default and demand for payment sent from a nonparty that serviced the mortgage on June 29, 2006.  "[T]he statute of limitations . . . was triggered when the party that was owed money had the right to demand payment, not when it actually made the demand" (*Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co.*, 18 NY3d 765, 771).  Thus, the cause of action accrued on May 12, 2006, even if plaintiff was unaware that the event entitling it to relief had occurred (*see Ely-Cruikshank Co. v Bank of Montreal*, 81 NY2d 399, 403; *Gower v Weinberg*, 184 AD2d 844, 845).  "Statutes of [l]imitation are statutes of repose representing a *legislative* judgment that . . . occasional hardship . . . is outweighed by the advantage of barring stale claims" (*Ely-Cruikshank Co.*, 81 NY2d at 404 [internal quotation marks omitted]).  We note that, even following dismissal of its first action by this Court as a nullity, plaintiff delayed in commencing the instant action, and thus "there is no injustice on the facts of this case" (*id.*).

Entered:  March 25, 2016                    Frances E. Cafarell
                                            Clerk of the Court