Matter of Stengel v Town of Poughkeepsie Planning Bd. (2018 NY Slip Op 08488)





Matter of Stengel v Town of Poughkeepsie Planning Bd.


2018 NY Slip Op 08488


Decided on December 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-08367
 (Index No. 103/16)

[*1]In the Matter of Roy A. Stengel, et al., appellants,
v
Town of Poughkeepsie Planning Board, et al., respondents.


McCabe & Mack, LLP, Poughkeepsie, NY (Daniel C. Stafford of counsel), for appellants.
Wallace & Wallace, LLP, Poughkeepsie, NY (Lisa M. Cobb of counsel), for respondent Town of Poughkeepsie Planning Board.
Stenger, Roberts, Davis & Diamond, LLP, Wappinger Falls, NY (James P. Horan of counsel), for respondents Arlington Farms, Inc., and Malabar Realty, LLC.



DECISION & ORDER
In a proceeding pursuant to CPLR article 78, the petitioners appeal from a judgment of the Supreme Court, Dutchess County (James D. Pagones, J.), dated June 16, 2017. The judgment denied the petition and dismissed the proceeding to annul the determination of the respondent Town of Poughkeepsie Planning Board adopting a negative declaration under the State Environmental Quality Review Act (see ECL art 8) and granting conditional site plan approval to the respondent Malabar Realty, LLC, for construction of a motor vehicle service facility.
ORDERED that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.
The petitioners, the residential neighbors of a proposed motor vehicle service facility (hereinafter the facility), oppose its construction. The facility will consist of a 3,400 square-foot convenience store and gas station within close proximity to their homes. The respondent Malabar Realty, LLC (hereinafter Malabar Realty), is the owner of the lots where the facility will be constructed, and the respondent Arlington Farms, Inc., will run the business thereon. Upon merging
two previously separate lots, Malabar Realty will construct the facility on a 0.81 acre triangular-shaped lot, which currently houses a dilapidated apartment building and a smaller motor vehicle service facility. After public meetings regarding the construction of the facility where opponents of the project were permitted to raise their objections, the respondent Town of Poughkeepsie Planning Board (hereinafter Planning Board) determined that the proposed project would not have a significant environmental impact and, thus, a Draft Environmental Impact Statement would not be needed. Subsequently, after review of Malabar Realty's application for site plan approval and the grant of several area variances and a special use permit by the Town of Poughkeepsie Zoning Board of Appeals, the Planning Board granted conditional site plan approval for the project. The petition seeks to nullify the Planning Board's determinations to adopt a negative declaration under the State Environmental Quality Review Act (see ECL art 8; hereinafter SEQRA) and to grant conditional site plan approval to Malabar Realty for construction of the facility.
To the extent that the petition alleges the Planning Board's noncompliance with SEQRA, the four-month statute of limitations applies (see CPLR 217[1]; Matter of Young v Board of Trustees of Vil. of Blasdell, 89 NY2d 846, 848). An action taken by an agency pursuant to SEQRA may be challenged only when such action is final (see CPLR 7801[1]). An agency action is final when the decision-maker arrives at a " definitive position on the issue that inflicts an actual, concrete injury'" (Stop-The-Barge v Cahill, 1 NY3d 218, 223, quoting Matter of Essex County v Zagata, 91 NY2d 447, 453). The position taken by an agency is not definitive and the injury is not actual or concrete if the injury purportedly inflicted by the agency could be prevented, significantly ameliorated, or rendered moot by further administrative action or by steps available to the complaining party (see Stop-The-Barge v Cahill, 1 NY3d at 223; Matter of Essex County v Zagata, 91 NY2d at 453-454; Matter of Patel v Board of Trustees of Inc. Vil. of Muttontown, 115 AD3d 862, 864). Here, the statute of limitations began to run with the issuance of the negative declaration for the project on February 19, 2015, as this constituted the Planning Board's final act under SEQRA and, accordingly, any challenge to the negative declaration had to be commenced within four months of that date (see generally Chase v Board of Educ. of Roxbury Cent. School Dist., 188 AD2d 192; cf. Matter of Cathedral Church of St. John the Divine v Dormitory Auth. of State of N.Y., 224 AD2d 95). The challenge to the negative declaration under SEQRA is, therefore, time-barred (see Matter of Wertheim v Albertson Water Dist., 207 AD2d 896).
The petitioners' contention that the Planning Board's determination to grant conditional site plan approval violated the mandatory setback requirements of the Town of Poughkeepsie Code (hereinafter the Town Code) § 210-152(A)(2) is without merit. The Planning Board is vested with discretion in determining whether to issue a site plan approval pursuant to Town Code § 210-152(A). The record provides a rational basis for the Planning Board's determination (see generally Matter of In-Towne Shopping Ctrs., Co. v Planning Bd. of the Town of Brookhaven, 73 AD3d 925).
SCHEINKMAN, P.J., DILLON, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court